**Robert M. TIMBERLAKE, Plaintiff-Appellant,**

v.

**SOUTHERN PACIFIC COMPANY, Defendant-Appellee.**

**No. 260-69.**

United States Court of Appeals
Tenth Circuit.

Jan. 20, 1970.

John R. Cooney, Albuquerque, N. M. (Modrall, Seymour, Sperling, Roehl & Harris and George T. Harris, Jr., Albuquerque, N. M., on the brief), for appellant.

Sumner S. Koch, Santa Fe, N. M. (White, Gilbert, Koch & Kelly and L. C. White, Santa Fe, N. M., on the brief), for appellee.

Before LEWIS and HILL, Circuit Judges, and LANGLEY, District Judge.

PER CURIAM.

By complaint lodged in the United States District Court for the District of New Mexico appellant sought under diversity jurisdiction to obtain declaratory relief and a decree quieting title against the appellee railroad to certain designated lands. The factual heart of appellant's complaint was the allegation that the railroad had lost all rights to

the subject lands through abandonment and non-use and the assertion of valid title in appellant. The trial court concluded that appellant had no standing to maintain the action in view of two state district court decisions that had negated appellant's claims and so dismissed the actions as subject to the rule of *res judicata*. Both state district court judgments were then on appeal to the Supreme Court of New Mexico.

Since perfection of appeal to this court, the Supreme Court of New Mexico has reversed one of its lower court judgments and stated specifically in the opinion that the issue of abandonment "shall not be deemed res judicata should it be presented in this or any subsequent action." Timberlake v. Southern Pacific Co., 461 P.2d 903 (decided November 20, 1969). It follows that the premise of the federal district court's judgment is no longer valid under state law and that the judgment must be vacated and the cause remanded for further consideration in light of the judgment and opinion of the New Mexico Supreme Court.

It is so ordered. No costs are awarded.