**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 3 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

WILLIAM MCNALLY,

　　　　Plaintiff-Appellant,

v.

COLORADO STATE PATROL,
COLONEL LONNIE J. WESTPHAL,
MAJOR GUY F. KING, CAPTAIN
STEVE MYERS, TROOPER
C.D. BALNSCET, TROOPER
WILLIAM DREW HERRINGTON
and TROOPER ROBERT KLADDE,
all in their individual and professional
capacities,

　　　　Defendants-Appellees.

No. 00-1254
(D.C. No. 99-B-1564)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **ANDERSON** , and **KELLY** , Circuit Judges.

---

* 　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff William McNally brought suit in the United States District Court for the District of Colorado pursuant to 42 U.S.C. § 1983 for alleged constitutional violations arising from his arrest and subsequent trial and conviction. As federal claims, plaintiff alleged that he was the victim of an illegal stop, search and seizure, received no *Miranda* warning, was falsely arrested and imprisoned, was subjected to an unfair trial, was maliciously prosecuted, and that defendant Colorado State Patrol failed to train and supervise its officers. Plaintiff also asserted various state law tort claims.

The case was transferred to a United States magistrate judge who recommended that defendants' motion to dismiss be granted. The district court approved the recommendation of the magistrate judge and dismissed the action in its entirety. On appeal, plaintiff urges the same issues he raised in the district court. We have studied the briefs of the parties, the record on appeal, and the applicable law and, with the following modification, we affirm for substantially the reasons stated by the district court.

Among the claims dismissed by the district court were plaintiff's allegations of denial of fair trial and malicious prosecution. The court correctly held that these claims could not be brought under § 1983 until plaintiff could prove that the underlying convictions had been overturned by a competent state authority. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). [1] In this situation, and contrary to the treatment by the district court, claims barred by *Heck* are to be dismissed without prejudice. *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). We direct the district court to modify its judgment to reflect the proper standard.

As a final matter, plaintiff attempts to introduce evidence for the first time on appeal regarding the status of his convictions. This court, however, will not review documents not before the district court when the ruling appealed from was made. *Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1549 n.1 (10th Cir. 1992). Plaintiff's "Motion to Add Exhibit" is therefore DENIED.

---

[1] To the extent plaintiff advanced a claim for false imprisonment post-conviction, such claim, if not barred by the statute of limitations, would be similarly precluded by *Heck.*

We AFFIRM the district court but REMAND with directions to MODIFY the judgment to reflect that plaintiff's claims, which are heretofore barred by *Heck v. Humphrey*, are dismissed without prejudice. The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge