**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 2 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM McNALLY,

     Plaintiff-Appellant,

v.

COLORADO STATE PATROL;
COLONEL LONNIE J. WESTPHAL;
MAJOR GUY F. KING; CAPTAIN
STEVE MYERS; TROOPER C.D.
BLANSCET; TROOPER WILLIAM
DREW HERRINGTON; TROOPER
ROBERT KLADDE, all individually
and in their professional capacities,

     Defendants-Appellees.

No. 02-1428
(District of Colorado)
(D.C. No. 01-B-1473 (MJW))

**ORDER AND JUDGMENT***

Before **BRISCOE**, **MURPHY**, Circuit Judges, and **STEWART**, District Judge.**

## I.  INTRODUCTION

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**The Honorable Ted Stewart, District Judge, United States District Court, District of Utah, sitting by designation.

William McNally filed this suit against the Colorado State Patrol and six individual officers, alleging that his constitutional rights were violated when he was arrested, charged with several drug- and weapons-related offenses, and convicted in state court. McNally's complaint raises the following claims: (1) malicious prosecution depriving him of his Fourth Amendment rights; (2) violation of his due process right to a fair trial; (3) false imprisonment subsequent to his conviction in violation of the Fourth Amendment; (4) failure of the Colorado State Patrol to adequately train and supervise its employees, resulting in a violation of his constitutional rights; and (5) the state law torts of negligence and outrageous conduct. The district court granted summary judgment for the defendants on grounds of claim and issue preclusion, adopting the magistrate judge's conclusion that McNally had previously litigated identical claims against the same defendants and lost. McNally appeals. This court has jurisdiction under 28 U.S.C. § 1291 and **affirms** the district court's grant of summary judgment.

## II.   BACKGROUND

Trooper Robert Kladde of the Colorado State Patrol discovered marijuana and a gun in McNally's possession after pulling him over on Interstate 25 and searching his car. McNally was charged with possession of drug paraphernalia, driving a vehicle without a valid driver's license, refusing to give his driver's license to a peace officer upon request, driving while his license was under

restraint, driving while impaired by the consumption of drugs, prohibited use of weapons, and possession of less than one ounce of marijuana.

After a jury trial, McNally was convicted on all counts. The state appeals court reversed the driving-while-impaired charge because the prosecution had introduced expert testimony on McNally's intoxication after stipulating that such evidence would not be introduced. On remand, McNally argued that his remaining convictions should also be reversed because he had not been informed that his trial counsel was practicing under the state student-practice act and was not a licensed attorney at the time of trial. The court granted McNally's motion, and the prosecution advised the court that it would not seek retrial on any of the charges in light of the difficulty of obtaining the attendance of witnesses and the fact that McNally had already served seventeen days in jail.

McNally then filed a 42 U.S.C. § 1983 suit in federal district court (*McNally I*), arguing, among other things, that Kladde lacked probable cause to stop and search the car, and that Kladde and other state troopers had lied under oath in pre-trial proceedings and at trial. The district court construed McNally's arguments as claims alleging malicious prosecution, false imprisonment, and violation of his due process right to a fair trial. The court granted summary judgment to the defendants, in part, on the ground that these claims were

premature under the Supreme Court's decision in *Heck v. Humphry*, 512 U.S. 477 (1994).

In *Heck*, the Court held that a § 1983 plaintiff must prove that a conviction has been declared invalid by a state tribunal authorized to make such a determination before recovering damages on a claim that the conviction was unconstitutional. 512 U.S. at 486-87. Although McNally submitted evidence to the court that his convictions had already been reversed by the state courts, the district court was not persuaded and concluded that he had failed to demonstrate that six of his seven convictions had been overturned. On the driving-while-impaired charge, the court agreed that the conviction had been reversed on appeal but nevertheless granted summary judgment to the defendants on grounds of issue preclusion. The court reasoned that McNally had litigated and lost the issue of probable cause at his criminal trial and direct appeal, and therefore could not establish an essential element of his malicious prosecution claim.

McNally appealed to this court, which remanded to the district court with instructions to dismiss the malicious prosecution, due process, and post-conviction false imprisonment claims without prejudice. *McNally v. Colorado State Patrol*, 13 Fed. Appx. 806, 808 & n.1 (10th Cir. 2001) (unpublished). The court held that, under *Heck*, McNally should be free to refile his claims if he were to later succeed in getting his convictions reversed. *Id.* McNally attempted to

present more evidence of the status of his convictions, but the court declined to consider any new evidence offered for the first time on appeal. *Id.* at 808.

McNally then filed the present suit in the district court, raising a subset of his previous claims and alleging nearly identical facts. The district court granted summary judgment to the defendants both on the merits and on grounds of claim and issue preclusion. On appeal, McNally admits that his state-law tort claims are waived for failure to file the required notice of claim. He also does not dispute the district court's determination that the Eleventh Amendment bars his suit against the Colorado State Patrol and its officers in their official capacities. His remaining claims are therefore: (1) claims against the individual defendants for malicious prosecution, denial of due process, and post-conviction false imprisonment; and (2) claims against individual Colorado State Patrol supervisors for failure to adequately train and supervise.

## III.  DISCUSSION

This court reviews orders granting summary judgment *de novo*. *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1124 (10th Cir. 2000). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

-5-

The defendants urge the court to affirm the order of the district court on grounds of claim and issue preclusion, arguing that McNally has already litigated and lost all his current claims in *McNally I*. Claim preclusion applies if three elements exist: (1) a judgment on the merits in an earlier action, (2) identity of parties in both suits, and (3) identity of the cause of action in both suits. *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). Because McNally's claims against these defendants relating to his driving-while-impaired conviction were reduced to a final judgment in *McNally I* and affirmed on appeal, they are barred by claim-preclusion doctrine from relitigation here.

McNally's claims relating to his other six convictions, however, were dismissed without prejudice following remand in *McNally I* for failure to demonstrate reversal of the convictions as required by *Heck*. Generally, a dismissal without prejudice does not operate as a final adjudication on the merits and has no claim-preclusive effect on a later suit. *Santana v. City of Tulsa*, 359 F.3d 1241, 1246 n.3 (10th Cir. 2004). Claim-preclusion doctrine therefore does not bar McNally's claims to the extent they are based on the defendants' allegedly wrongful conduct with regard to the other six convictions.

In contrast to claim preclusion, issue preclusion bars relitigation of matters actually litigated and adjudged, even if there is no final judgment on the merits. *See Park Lake Res. Ltd. Liability Co. v. U.S. Dept. of Agric.*, 378 F.3d 1132, 1136

-6-

(10th Cir. 2004); *In re Kauffman Mut. Fund Actions*, 479 F.2d 257, 267 (1st Cir. 1973) (holding that dismissal without prejudice still bars relitigation of the "very question which was litigated in the prior action" (quotation omitted)).  An issue is barred from relitigation by issue preclusion when the issue was actually and necessarily decided in a prior case and the party against whom issue preclusion is invoked has had a full and fair opportunity to litigate the issue to be precluded. *Willner v. Budig*, 848 F.2d 1032, 1034 (10th Cir. 1988).

In examining McNally's claim of malicious prosecution in the context of his driving-while-impaired conviction, the *McNally I* court held that he would have to demonstrate that the defendants lacked probable cause to arrest and prosecute him.  The court further held that McNally was estopped from arguing a lack of probable cause because he had already raised and lost the issue in his state-court suppression hearing.  The district court's disposition of McNally's malicious prosecution claim in the context of his driving-while-impaired conviction, which he has already litigated and lost, is equally applicable to the claim in the context of all his other criminal convictions.  McNally's malicious prosecution claim is therefore barred by issue preclusion because he cannot relitigate the issue of probable cause.

McNally's second claim alleges that the defendants lied under oath, resulting in a denial of his due process right to a fair trial.  In the context of the

-7-

driving-while-impaired conviction, the *McNally I* court treated McNally's allegation of pre-trial perjury as an aspect of his malicious prosecution claim and rejected it for the same reason. To the extent that this claim instead related to perjured testimony at trial, the court concluded that the defendants' testimony was entitled to absolute immunity. McNally is estopped from rearguing these issues here for the reasons set out above.

The *McNally I* court did not resolve McNally's claim of post-conviction false imprisonment because McNally had not alleged that his conviction resulted in a term of imprisonment. This claim, however, is merely a variant of his malicious prosecution claim and is thus similarly barred. Both claims rely on identical allegations for support and essentially argue that McNally was falsely imprisoned as a result of the wrongful prosecution against him. In similar circumstances, the Supreme Court in *Heck* held that a claim for post-conviction confinement was most analogous to a claim for malicious prosecution, because the torts of false arrest and false imprisonment permit damages only for "the time of detention up until issuance of process or arraignment, but not more." *Heck*, 512 U.S. at 484 (quotation omitted). A malicious-prosecution suit, in contrast, "permits damages for confinement imposed pursuant to legal process." *Id*. McNally's false imprisonment claim is therefore really just another aspect of his

rejected malicious prosecution claim, and issue preclusion bars its relitigation here for those reasons set out above.

Because McNally has not established any constitutional violations by the defendants, his claim against the Colorado State Patrol supervisors for failure to adequately train and supervise must also fail. McNally concedes that his respondeat superior claim depends on a finding of an underlying constitutional violation. He has failed to show such a violation, and the supervisors are therefore not liable.

McNally argues that because his criminal convictions were overturned in state court for ineffective assistance of counsel, the state courts' determination of probable cause cannot serve as a bar to further litigation in his civil case. He reasons that when a court's decision is based on doctrines of claim or issue preclusion, and the underlying case is thereafter reversed, the court's decision must also be reversed because its premise is no longer valid. McNally, however, relies on *Timberlake v. Southern Pacific Co.*, in which the overturned judgment was based on claim preclusion, not issue preclusion. 420 F.2d 482, 483 (10th Cir. 1970) (per curiam). As already explained, issue preclusion applies even in the absence of a final judgment. *Park Lake*, 378 F.3d at 1136. Because McNally's criminal convictions were reversed for reasons unrelated to the merits of the probable cause determination, issue-preclusion doctrine is still applicable.

McNally makes the weightier argument that the reversal of his convictions for ineffective assistance of counsel demonstrates that he never received a "full and fair opportunity" to litigate the issue of probable cause. *Willner*, 848 F.2d at 1034. This court need not examine the merits of this claim, however, because the *McNally I* court's determination that the probable cause issue was barred by issue preclusion is in itself a final, preclusive determination. McNally knew at the time of *McNally I* that his criminal convictions had been overturned and attempted to present evidence of this fact to the district court. McNally was given a full and fair opportunity to litigate the issue in the context of the defendants' motion for summary judgment. *See Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1211 (10th Cir. 2001) ("[A] plaintiff has a full and fair opportunity to litigate if it is allowed to submit evidence to defeat a motion for summary judgment."). The court was nevertheless unpersuaded, concluding that McNally had failed to demonstrated that six of his seven convictions had been reversed. McNally cannot defeat the issue-preclusive effect of the *McNally I* court's determination of the status of his convictions merely by alleging facts in a new proceeding that were available during the initial litigation but that he failed to present at that time. *Park Lake*, 378 F.3d at 1137-38; *Magnus Elec., Inc. v. Republica Argentina*, 830 F.2d 1396, 1400-01 (7th Cir. 1987).

McNally's proper remedy after losing on summary judgment in *McNally I* was a motion to reopen the judgment with a Rule 59 or 60 motion in the district court, not the filing of a new action. *See Magnus Elec., Inc.*, 830 F.2d at 1402. Even "[a]n erroneous judgment fairly and regularly entered by a court of competent jurisdiction is nevertheless an effective bar under the doctrine of res judicata to a subsequent action between the same parties on the same cause of action." *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1129 (10th Cir. 1991) (quotation omitted). That McNally was unrepresented by counsel in his first suit does not change this result. An unrepresented litigant "cannot generally be permitted to . . . avoid the risks of failure that attend his decision to forgo expert assistance." *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983).

McNally also argues that the issue-preclusive effect of *McNally I* should be relieved because the defendants committed a fraud on the court in that case. He claims that, by not informing the *McNally I* court that his convictions had been reversed for ineffective assistance of counsel, the defendants fraudulently allowed the court to rely on those overturned convictions in ruling on the malicious prosecution claim. To prevail on the issue of fraud, McNally must demonstrate by clear and convincing evidence that the defendants deliberately defrauded the court, and all doubts must be resolved in favor of the finality of the judgment. *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996).

McNally did not raise his fraud claim below, and this court will not consider a new theory on appeal. *Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.*, 100 F.3d 792, 798-99 (10th Cir. 1996), *amended on other grounds by* 103 F.3d 80 (10th Cir.1996). Despite this general rule, McNally asks the court to invoke its inherent authority to disregard a fraudulently obtained judgment, citing *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002). *Buck* makes clear, however, that McNally's allegations would not rise to the level of a fraud on the court even if they were true. The *Buck* court wrote:

> Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct, *such as nondisclosure to the court of facts allegedly pertinent to the matter before it*, will not ordinarily rise to the level of fraud on the court.

*Buck*, 281 F.3d at 1342 (quotation omitted) (emphasis added).

McNally cites dicta in *Robinson v. Volkswagenwerk AG* for the proposition that the preclusive effect of a prior judgment should nevertheless be relieved if one party concealed material information from the court. 56 F.3d 1268, 1274 n.5 (10th Cir. 1995). The *Robinson* court relied for this proposition on the Restatement (Second) of Judgments. *Id.* (citing Restatement (Second) of Judgments § 28 cmt. j (1982)). That section of the Restatement also explains, however, that "[s]uch a refusal to give the first judgment preclusive effect should not occur without a

-12-

compelling showing of unfairness, nor should it be based simply on a conclusion that the first determination was patently erroneous." Restatement (Second) of Judgments § 28 cmt. j.

McNally has not made this showing of unfairness. His allegations amount merely to a claim that the defendants "had reason to know" the status of his criminal convictions and that it was "reckless of the State to continue its reliance on the assumption Mr. McNally's convictions remained intact." This allegation does not rise to the level of deliberate conduct required for a showing of fraud. *See Weese*, 98 F.3d at 553. Furthermore, McNally himself had access to proof that his convictions had been overturned and attempted to present this evidence to the court. Under these circumstances, fairness does not demand relieving the preclusive effect of the prior judgment. Accordingly, this court holds that McNally's suit is barred by claim and issue preclusion.

## IV.  CONCLUSION

For the foregoing reasons, this court **affirms** the district court's grant of summary judgment for the defendants.  McNally's motion for leave to proceed in forma pauperis is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge