**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 13 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

PARK LAKE RESOURCES LIMITED
LIABILITY COMPANY; PARK
COUNTY MINING ASSOCIATION,

      Plaintiffs - Appellants,

    v.

UNITED STATES DEPARTMENT
OF AGRICULTURE; ANN
VENEMAN, in her official capacity as
Secretary of Agriculture;
UNITED STATES FOREST
SERVICE; DALE BOSWORTH, in his
official capacity as Chief, U.S. Forest
Service; RICK CABLE, in his official
capacity as Regional Forester, Region
II, United States Forest Service;
UNITED STATES DEPARTMENT
OF INTERIOR; GALE NORTON,
Secretary of Interior; PIET DEWITT,
in his official capacity as Assistant
Secretary of the Interior,

      Defendants - Appellees.

No. 02-1429

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 01-Z-388 MJW    )**

---

Christopher T. Massey of Mountain States Legal Foundation (William Perry
Pendley and Tara Burton Rismani, with him on the briefs), Lakewood, Colorado,
for Plaintiffs - Appellants.

Katherine J. Barton, United States Department of Justice, Environment & Natural Resources Division, Appellate Section, Washington, D.C. (Nina Wang, Assistant United States Attorney, Denver, Colorado, Thomas L. Sansonetti, Assistant Attorney General, and Kathryn Kovacs, United States Department of Justice, Environment & Natural Resources Division, Appellate Section, Washington, D.C., with her on the brief), for Defendants - Appellees.

---

Before **KELLY, HOLLOWAY** , and **HARTZ** , Circuit Judges.

---

**HARTZ** Circuit Judge.

---

Plaintiffs Park Lake Resources (Park Lake) and Park County Mining Association (a not-for-profit corporation whose purpose is to assist miners and mining companies) appeal the dismissal by the district court of their suit against several government agencies and some of their officials. This is not the first time Plaintiffs have brought suit over what is in essence the same issue. We affirm because issue-preclusion doctrine bars Plaintiffs from contending that their claims are ripe for review.

On August 1, 1996, Plaintiffs filed their first complaint in the District of Colorado against the Department of Agriculture, the Forest Service, the Secretary of Agriculture, the Chief of the Forest Service, and the Regional Forester for Region II (which we will call collectively the "Forest Service"). The complaint challenged the designation of a parcel of National Forest land as a Research Natural Area (RNA) under 36 C.F.R. § 251.23, and alleged that the designation

precluded Park Lake from developing its recorded mining claims in the area. The district court upheld the designation. *Park Lake Res., L.L.C. v. U.S. Dep't of Agric.*, 979 F. Supp. 1310, 1315 (D. Col. 1997) (*Park Lake I*). On appeal we vacated the judgment for lack of jurisdiction because the claim was not yet ripe for review. *Park Lake Res., L.L.C. v. U.S. Dep't of Agric.*, 197 F.3d 448, 450–51, 453 (10th Cir. 1999) (*Park Lake II*).

Two years later Plaintiffs filed the present complaint against the Forest Service and several new defendants—the Department of the Interior, the Secretary of the Interior, and the Assistant Secretary of the Interior—whom we shall refer to collectively as the Department of the Interior (DOI). Plaintiffs' complaint (as amended), while continuing to challenge the RNA designation, additionally alleges that as a direct result of the RNA designation, the DOI issued Public Land Order No. 7195, which withdraws the RNA from mineral exploration, thereby barring from the area all exploration for the purpose of staking new claims. This prohibition on exploration is a different injury from the injury alleged in the initial litigation. But the legal basis of the claim is unchanged. The only respect in which the land order is alleged to be unlawful is that it was based on an unlawful RNA. Moreover, this additional injury was readily knowable when the complaint was filed in the initial litigation, because the land order had been issued more than two months earlier, on May 16, 1996. *See* 61 Fed. Reg. 24,806.

We exercise appellate jurisdiction under 28 U.S.C. § 1291 and hold that our dismissal of the earlier action for lack of ripeness requires dismissal of this action as well. Plaintiffs can overcome the previous dismissal only by showing satisfaction of the conditions for ripeness set forth in *Park Lake II*. Having failed to do so, Plaintiffs cannot proceed with their claim.

## I. BACKGROUND

### A. Administrative Proceedings

Acting under the authority of 36 C.F.R. § 251.23, the Forest Service designated 684 acres in the Arapaho National Forest and the Pike & San Isabel National Forests as an RNA (the Hoosier Ridge RNA) on December 5, 1995. The regulation provides:

> [W]hen appropriate, the Chief [of the Forest Service] shall establish a series of research natural areas, sufficient in number and size to illustrate adequately or typify for research or educational purposes, the important forest and range types in each forest region, as well as other plant communities that have special or unique characteristics of scientific interest and importance.

36 C.F.R. § 251.23.

Shortly thereafter, Plaintiffs appealed the designation to the Forest Service, but were denied their appeal on March 28, 1996. Although it was still possible for Park Lake to engage in work in the RNA by filing a proposed plan of operations (PPO) with the Forest Service to obtain permission to conduct mining activities on its recorded claims in the RNA, *see* 36 C.F.R. §§ 251.50–251.65, it

-4-

did not do so.

On May 16, 1996, the DOI issued Public Land Order No. 7195, granting the Forest Service request that it withdraw the Hoosier Ridge RNA from mineral entry and location. The order was authorized by § 214 of the Federal Land Policy and Management Act, codified at 43 U.S.C. § 1714 (2000). *See* Public Land Order No. 7195, 61 Fed. Reg. 24,806 (May 16, 1996). The stated purpose of the withdrawal was "to protect the unique alpine ecosystem and associated plant life within the [RNA]," preserving the RNA for the purpose for which it had been designated. *Id.*

## B.    Prior Litigation

On August 1, 1996, Plaintiffs filed their first complaint against the Forest Service, challenging the designation of the Hoosier Ridge RNA as arbitrary, capricious, and contrary to law, in violation of the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq*. *Park Lake I*, 979 F. Supp. at 1312. The district court ruled against Plaintiffs on the merits, holding that the Forest Service designation of the RNA was "reasonable and in accordance with the law." *Park Lake I*, 979 F. Supp. at 1315. Plaintiffs appealed the district court's ruling.

On appeal the government argued for the first time that the claim was not ripe for review because Plaintiffs "ha[d] failed to show any present injury caused by the RNA designation." *Park Lake II*, 197 F.3d at 450. We agreed, and on

November 19, 1999, vacated the judgment below and dismissed the suit for lack of jurisdiction. *Id.* at 449. We noted that (1) Park Lake had not yet submitted a PPO to the Forest Service, and (2) consequently, the Forest Service had not affirmatively denied it permission to exploit its mining claims in the area. *Id.* at 450–53. The claim could, however, become ripe as a result of future actions. We said that "Park Lake may seek review of this issue at a later date" after (i) it submits a mining plan to the Forest Service, (ii) the Forest Service reviews the plan, and (iii) the Forest Service "requests or requires any restrictions upon its mining activities." *Id.* at 453.

### C. Present Litigation

In this new suit Plaintiffs reassert the claim they brought in *Park Lake I* against the Forest Service for designating the Hoosier Ridge RNA. Plaintiffs also challenge Order 7195, in which the DOI honored the Forest Service request to withdraw the RNA from mineral entry and location. Plaintiffs complain that the withdrawal is based "solely [on] the unlawful designation of the RNA," Aplt. App. at 16, and that the withdrawal prevents Park Lake from locating new mining claims in the RNA.

The district court dismissed on ripeness grounds both (i) the claim against the Forest Service for designating the RNA, and (ii) the claim against the DOI for the withdrawal under Order 7195. The claim against the Forest Service was

unripe, it said, because "[P]laintiffs ha[d] not filed a proposed plan of operations, or a notice of intent." *Id.* at 27. It held that the claim against the DOI was unripe because "[P]laintiffs ha[d] not presented any evidence that this issue [wa]s ripe for review." *Id.*

## II.   DISCUSSION

Ripeness is a jurisdictional issue. *Park Lake II*, 197 F.3d at 450. "We review the district court's dismissal on ripeness grounds de novo and its findings of jurisdictional fact for clear error." *Coalition for Sustainable Res., Inc. v. United States Forest Serv.*, 259 F.3d 1244, 1249 (10th Cir. 2001). We need not consider the ripeness of Plaintiffs' claims anew, however, because principles of *res judicata* bar the action until Plaintiffs take steps to cure the deficiencies pointed out to them in *Park Lake II*.

*Res judicata* is "central to the purpose for which civil courts have been established," namely "the conclusive resolution of disputes within their jurisdictions." *Montana v. United States*, 440 U.S. 147, 153 (1979). "[A] party who has had a full opportunity to present a contention in court ordinarily should be denied permission to assert it on some subsequent occasion." Geoffrey C. Hazard, *Res Nova in Res Judicata*, 44 S. Cal. L. Rev. 1036, 1043 (1971). This bar protects against "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing

the possibility of inconsistent decisions." *Montana*, 440 U.S. at 153-54.

*Res judicata* doctrine encompasses two distinct barriers to repeat litigation: claim preclusion and issue preclusion. *See Baker by Thomas v. General Motors Corp.*, 522 U.S. 222, 233 n.5 (1998); 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4402 at 7 (2d ed. 2002). Claim preclusion bars a party from relitigating a claim or cause of action on which final judgment has been rendered. *See* Restatement (Second) of Judgments § 24. "Under [claim preclusion], 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action'." *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir. 1990) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

This appeal concerns the other branch of preclusion doctrine—issue preclusion. In contrast to claim preclusion, issue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim. *See Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000) ("When an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970))). In general, issue preclusion applies when:

-8-

(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Id.*

Plaintiffs' sole argument on appeal against application of issue preclusion in this case is that the second condition has not been met—there was no final adjudication on the merits in the original action against the Forest Service. They are correct that there has been no final adjudication on the merits; their first lawsuit ended in our dismissal of the action for lack of jurisdiction, and jurisdictional dismissals are not "on the merits." *See Nilsen v. City of Moss Point*, 701 F.2d 556, 562 (5th Cir. 1983) (en banc); Fed. R. Civ. P. 41(b).

They are mistaken, however, in asserting that a jurisdictional dismissal can have *no* issue-preclusive effect. There is an important exception to the general rule that a final adjudication on the merits is a prerequisite to issue preclusion. It has long been acknowledged that "[t]he principles of *res judicata* apply to questions of jurisdiction as well as to other issues." *American Surety Co. v. Baldwin*, 287 U.S. 156, 166 (1932). In particular, dismissals for lack of jurisdiction "'preclude relitigation of the issues determined in ruling on the jurisdiction question.'" *Matosantos Commercial Corp. v. Applebee's Int'l Inc.*, 245 F.3d 1203, 1209 (10th Cir. 2001) (quoting 18 Charles Alan Wright et al.,

Federal Practice and Procedure § 4436 (1981)); *see also* 18 Wright, Miller & Cooper § 4418 at 468 ("The same question of jurisdiction . . . cannot be reopened in a second action . . . ."); Restatement (Second) of Judgments § 12 cmt. c. at 119 ("When the question of the tribunal's jurisdiction is raised in the original action, in a modern procedural regime there is no reason why the determination of the issue should not thereafter be conclusive under the usual rules of issue preclusion.").

Accordingly, even though our decision in *Park Lake II* did not result in an adjudication on the merits, it has issue-preclusive consequences with respect to the issue decided. We held in that case that Plaintiffs' APA challenge to the Hoosier Ridge RNA designation was not ripe because Park Lake had not yet submitted to the Forest Service for approval a PPO for exploiting its existing claims. *See Park Lake II*, 197 F.3d. at 450–54. Plaintiffs cannot now present an argument that conflicts with our decision on that issue.

To be sure, a decision that a matter is not ripe for review does not necessarily hold for all time. Things ripen. Under the curable-defect doctrine, "suit may be brought again where a jurisdictional defect has been cured or loses its controlling force." *Eaton v. Weaver Mfg. Co.,* 582 F.2d 1250, 1256 (10th Cir. 1978); *see also* Wright, Miller & Cooper § 4437 at 180 ("In ordinary circumstances a second action on the same claim is not precluded by dismissal of

-10-

a first action for prematurity or failure to satisfy a precondition to suit. No more need be done than await maturity, satisfy the precondition, or switch to a different substantive theory that does not depend on the same precondition."). But the change in circumstances that cures the jurisdictional defect must occur subsequent to the prior litigation. *See Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1192 & n.4 (D.C. Cir. 1983) ("[P]roper application of *res judicata* should require some demonstration that the plaintiff is relying upon a new fact or occurrence, and not merely relying upon those that existed at the time of the first dismissal."); *Magnus Elecs., Inc. v. La Republica Argentina*, 830 F.2d 1396, 1401 (7th Cir. 1987) ("We do not think that these additional factual allegations should preclude the operation of res judicata when these facts were available to [the plaintiff] at the time it filed its complaint in [the prior litigation]."). Here, nothing has ripened since *Park Lake I*. (We need not consider the circumstances in which the original judgment could be set aside—thereby losing its preclusive effect—because old facts are "newly discovered." *See* Fed. R. Civ. P. 60(b)(2).)

Plaintiffs do not allege that Park Lake has complied with the requirement set forth in *Park Lake II* by submitting a PPO to the Forest Service. Plaintiffs do, however, point to an alternative ground for ripeness—one not raised before. In the first litigation Plaintiffs contended that the Forest Service designation of 695 acres of the Hoosier Ridge as an RNA "was arbitrary, capricious, and not in

accordance with the law," and sought "a permanent injunction enjoining the Forest Service from denying Park Lake motorized access to its [existing] mining claims or otherwise restricting Park Lake's mining activities within the Hoosier Ridge." *Park Lake II*, 197 F.3d at 450. Now, in addition to bringing the identical APA challenge to the Forest Service designation of the RNA, Plaintiffs also challenge the DOI decision to honor the Forest Service request to withdraw the RNA from mineral entry and location. This withdrawal, they allege, has prevented Park Lake from locating new mining claims in the RNA. Aplt. App. at 16 ¶ 33.

We might well have decided in the first instance that the DOI withdrawal of the Hoosier Ridge RNA from exploration would be a matter ripe for review. Yet Plaintiffs' claim against the DOI rises or falls on the propriety of the Forest Service RNA designation. Plaintiffs assert no independent reason why the DOI action violated the APA as arbitrary, capricious, or contrary to law. They allege only that the Forest Service RNA designation violated the APA and that the DOI order of withdrawal occurred "solely because of the unlawful designation of the RNA." *Id.* ¶ 32. In essence, Plaintiffs are raising the same claim—that the RNA designation was contrary to law—and are simply attempting to put forth a new theory why that claim is ripe. That new theory is not based on any facts postdating the prior litigation; the DOI order predated the filing of Plaintiffs' first

complaint against the Forest Service. In our view, the ripeness issue before us is therefore "in substance the same" as that raised in *Park Lake II,* and cannot be relitigated. *Montana*, 440 U.S. at 155. As the Seventh Circuit has noted, "it does not make sense to allow a plaintiff to begin the same suit over and over again in the same court, each time alleging additional facts that the plaintiff was aware of from the beginning of the suit, until it finally satisfies the jurisdictional requirements." *Magnus Elecs.*, 830 F.2d at 1401; *see also Redwood v. Council of the Dist. of Columbia,* 679 F.2d 931, 933 (D.C. Cir. 1982) ("[Petitioner] may not be permitted to bring essentially the same action two years later citing a less obvious basis for federal jurisdiction."); *Oglala Sioux Tribe v. Homestake Mining Co.,* 722 F.2d 1407, 1411–12 (8th Cir. 1983) ("None of the new theories [of relief] presented correct the lack of jurisdiction problem . . . [because they] are simply additional arguments why this Court should have reached a different result [in its jurisdictional ruling].").

Adding the DOI as a defendant does not assist Plaintiffs. Although we require that "the party *against whom* [issue preclusion] is invoked [be] a party, or in privity with a party, to the prior adjudication," *Dodge,* 203 F.3d at 1198 (emphasis added), issue preclusion can be invoked *by* any third party. *See Sil-Flo*, 917 F.2d at 1521 (allowing new defendant to assert issue preclusion against plaintiff that brought two claims on essentially the same issue); Restatement

-13-

(Second) of Judgments § 29 at 291 ("A party precluded from relitigating an issue with an opposing party . . . is also precluded from doing so with another person . . . ."). To decide otherwise would be to "[p]ermit[] repeated litigation of the same issue as long as the supply of unrelated defendants holds out," a practice that would "reflect[] either the aura of the gaming table or a lack of discipline and of disinterestedness on the part of the lower courts." *Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971) (internal quotation marks omitted).

Of course, when, as is often the case, the identity of the defendant is central to the jurisdictional dismissal—as when there is no personal jurisdiction over the party, the party's citizenship is not diverse, or the party is protected by sovereign immunity—issue preclusion does not bar suit against a third party. The jurisdictional issue in the second case—*e.g.*, whether the court has personal jurisdiction over the new defendant—is simply not the same as that decided before.

Here, however, the sole ground for the claim against the DOI is that the RNA designation was unlawful, and the jurisdictional issue—whether Plaintiffs' challenge to the RNA designation is ripe—is therefore the same issue decided in *Park Lake II.* We see no unfairness in denying Plaintiffs a second chance to argue ripeness on the same available facts. We note that other circuits have applied issue preclusion with respect to jurisdictional dismissals in prior litigation

not involving the defendants asserting the doctrine during the second round of litigation. *See, e.g., Harley v. Minnesota Mining and Mfg. Co.*, 284 F.3d 901, 909 (8th Cir. 2002) (dismissing suit against corporate pension committee on res judicata grounds after prior suit against corporation itself was dismissed for lack of standing); *Redwood*, 679 F.2d at 932–33 (dismissing on res judicata/jurisdictional grounds a suit against correctional officials, mayor and city council, when the mayor and city council were added in the second suit). Indeed, given that Plaintiffs present no theory that the DOI withdrawal violated the APA except that it was "caused" by the unlawful Forest Service designation of the RNA, one could say that the Forest Service and the DOI stand in privity on the issue raised by Plaintiffs' complaint.

## III.   CONCLUSION

We AFFIRM the ruling of the district court.