**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AUTRY LEE JONES,

      Plaintiff-Appellant,

v.

U.S. DEPARTMENT OF JUSTICE,
JOHN ASHCROFT,
JANET RENO,
KATHLEEN HAWK,
FEDERAL BUREAU OF PRISONS,
FEDERAL PRISON INDUSTRY
(UNICOR),
RICHARD P. CALTRON, and
BRYAN R. MOON,

      Defendants-Appellees.

No. 04-1265
(D.C. No. 04-Z-414)
(D. Colo.)

---

**ORDER AND JUDGMENT**

---

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

Plaintiff Autry Lee Jones worked until early 1999 as a prisoner employee at

the United States Penitentiary ("USP") in Florence, Colorado. He alleges he was

fired based on a citation for "insolence towards staff" that was later expunged

from his record by an administrative board. Subsequently, in 2003, Jones filed a

suit against the same defendants as those in the case at bar (except John Ashcroft and Janet Reno) alleging that he was fired because of defendants' racial animus. The court in that action dismissed Jones' claims against the Department of Justice, the Bureau of Prisons, and Federal Prison Industries (a.k.a. UNICOR) on the grounds of sovereign immunity, and dismissed his claims against the individual defendants for failure to state a claim. In December 2004, Jones filed the instant action, a pro se prisoner complaint under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging that Defendants Federal Prison Industries (a government corporation, also known as UNICOR), Hawk (Director of the Federal Bureau of Prisons), Caltron (assistant warden of USP Florence), Moon (director of a prisoner-staffed factory at USP Florence), and Martinez (factory foreperson) treated Jones more harshly than they treated other similarly situated prisoners.[1]

The district court dismissed this claim under the broad doctrine of res judicata, concluding that the dismissals in the 2003 action had preclusive effect in the instant action. We apply a de novo standard of review to questions of res judicata. <u>May v. Parker-Abbott Transfer & Storage</u>, 899 F.2d 1007, 1009 (10th Cir. 1990). For substantially the same reasons as the district court, we exercise

---

[1] Jones raised an unrelated claim below that was dismissed. He does not raise that issue on appeal.

jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRM**.

The district court determined that Jones' action was precluded because the issues and claims presented in the second action had already been litigated in his 2003 suit, Jones v. U.S. Dep't of Justice, No. 02-M-2056 (D. Colo. filed Sept. 24, 2003). We agree.

We first address Jones' claims against the individual defendants, which were dismissed for failure to state a claim in Jones' 2003 action. Because Jones' instant action brings the same claims based on the same conduct, we must determine whether claim preclusion applies.[2] In order for Jones' claims against the individual defendants to be barred under claim preclusion, four factors must be present:

> (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.

Nwosun v. Gen. Mills Rests., Inc., 124 F.3d 1255, 1257 (10th Cir. 1997).

---

[2] Claim preclusion, a particular type of res judicata, is an affirmative defense barring the same parties from litigating a second lawsuit on the same claim, or any other claim arising from the same transaction or series of transactions and that could have been raised in the first suit. It is distinguished from issue preclusion, a doctrine barring a party from relitigating an issue determined against that party in an earlier action, even if the second action differs significantly from the first one. Thus, "the principal distinction between claim preclusion and issue preclusion is . . . that the former [can foreclose] litigation of matters that have never been litigated." Charles Alan Wright, The Law of Federal Courts § 100A, at 723 (5th ed. 1994).

3

The first requirement for claim preclusion is met as concerns the individual defendants. In the 2003 action, the district court dismissed Jones' claims against them for failure to state a claim. A dismissal for failure to state a claim is a decision on the merits. Osborn v. Shillinger, 861 F.2d 612, 617 (10th Cir. 1988). Therefore, the district court's dismissal of these defendants satisfies the first prong of our analysis.

As to Nwosun's second factor, the parties whose actions give rise to Jones' second claim (the only one here appealed) are identical to the parties in his 2003 suit. Jones does not allege that Ashcroft and Reno, the only new defendants, were involved in the actions giving rise to his second claim.

Additionally, the third Nwosun prong is met. The cause of action in which the suit is based is the same in both of Jones' suits despite the fact that in his 2003 suit Jones alleged that Defendants' actions were based on racial animus, whereas here his claim of differential treatment does not have a racial component. We use the "transaction approach" to define a cause of action. See Nwosun, 124 F.3d at 1257. "Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." Id. The claims Jones alleges in this action arise from the same occurrence (his firing from the prison factory) as the claims he asserted in his 2003 suit.

Finally, Jones' instant suit satisfies the fourth Nwosun prong, requiring a

4

full and fair opportunity to litigate. His 2003 claims were properly considered by the district court, and his appeal was terminated under Fed. R. App. P. 42, "Voluntary Dismissal." To have claim-preclusive effect, Nwosun requires only that litigants have a "full and fair opportunity" to pursue their cases, not that the cases be fully litigated. Where litigants themselves terminate an action, we cannot conclude that they did not have a full opportunity to proceed. Any other conclusion would permit litigants to bring the same suit ad infinitum as long as they had begun and then withdrawn an appeal.

As to the district court's dismissal of the institutional defendants (the Department of Justice, the Bureau of Prisons, and UNICOR) on sovereign immunity grounds, the doctrine of issue preclusion is applicable. "[I]ssue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." Park Lake Res., Ltd. Liab. Co. v. U.S. Dep't of Agric., 378 F.3d 1132, 1136 (10th Cir. 2004). The doctrine requires that

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Id. (quoting Dodge v. Cotter Corp., 203 F.3d 1190 ,1198 (10th Cir. 2000)). First, in the prior action, it was determined that Jones was barred from filing suit

5

against the Department of Justice, Bureau of Prisons, and UNICOR on the grounds of sovereign immunity. This same issue is implicated in the current controversy. Therefore, the first prong of the issue preclusion analysis is met.

Second, we must address whether the prior dismissal on sovereign immunity grounds constituted a final adjudication on the merits. "Sovereign immunity is jurisdictional in nature." F.D.I.C. v. Meyer, 510 U.S. 472, 475 (1994). However, a dismissal on jurisdictional grounds does not constitute a judgment on the merits for purposes of issue preclusion. Park Lake, 378 F.3d at 1136; see also Fed. R. Civ. P. 41(b) ("a dismissal . . . other than a dismissal for lack of jurisdiction . . . operates as an adjudication upon the merits.") (emphasis added). We would be "mistaken, however, in asserting that a jurisdictional dismissal can have no issue-preclusive effect. There is an important exception to the general rule that a final adjudication on the merits is a prerequisite to issue preclusion." Park Lake, 378 F.3d at 1136. Under that exception, "dismissals for lack of jurisdiction preclude relitigation of the issues determined in ruling on the jurisdiction question." Id. (internal citations and quotations omitted).

Therefore, the district court's dismissal of Jones' 2003 action against the Department of Justice, Bureau of Prisons, and UNICOR on sovereign immunity grounds bars him from attempting to relitigate that issue determined as a consequence of the jurisdictional ruling against him, and the second prong of Park

6

Lake is satisfied. Likewise, as in the analysis we conducted for the individual defendants, we conclude the rest of the necessary issue preclusion factors are met. Consequently, Jones is equally barred from relitigating his issues against the named federal agencies.

For the foregoing reasons, Jones' second claim was barred by the broad principles of res judicata. Under both the doctrines of claim preclusion and issue preclusion, he cannot relitigate the claims and issues determined against him in the 2003 action. The district court's dismissal is **AFFIRMED** and Jones' motion to proceed in forma pauperis is **GRANTED**.[3]

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[3] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.