**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EDGAR MILTON THOMPSON,

Plaintiff-Appellant,

v.

KANSAS DEPARTMENT OF
CORRECTIONS; JOHN COOLING,
Chief Records Clerk, Lansing
Correctional Facility; DAVID R.
MCKUNE, Warden, Lansing
Correctional Facility; WILLIAM L.
CUMMINGS, Correctional Manager &
Secretary of Corrections Designee;
JEFFERY L. COWGER, Counsel of
Record, Kansas Department of
Corrections,

Defendants-Appellees.

No. 07-3045

(D. Kansas)

(D.C. No.05-CV-3453-CM)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Edgar Thompson, proceeding pro se, filed this 42 U.S.C. § 1983 action while a state prisoner in Kansas in 2005; he has since been released. His complaint alleged that the defendant prison officials violated his constitutional rights by (1) refusing to release him in 1999, a claimed parole date; (2) refusing to release him again in late 2004, allegedly, the end of his sentence; and (3) denying access to the courts. The district court granted the defendants' motion to dismiss, and we affirm.

## I. BACKGROUND

Mr. Thompson pleaded guilty in 1992 to one count of aggravated indecent liberties with a child and assault. He received a sentence of three to ten years' imprisonment. He sought state post-conviction relief, which the Kansas courts denied in 1996. In 1998, Mr. Thompson filed a petition for federal habeas relief under 28 U.S.C. § 2254, which the district court denied as untimely filed. We agreed and denied Mr. Thompson a certificate of appealability pursuant to 28 U.S.C. § 2253. *Thompson v. Simmons*, No. 98-3270, 1999 WL 339697, at *1 (10th Cir. May 28, 1999). We also rejected Mr. Thompson's claims of actual innocence. *Id.*

In December 2004, Mr. Thompson filed an action in federal court styled as a declaratory judgment action seeking a re-computation of his sentence. The

district court gave Mr. Thompson two months to respond to the defendants' motion to dismiss, during which time Mr. Thompson failed to respond. The district court dismissed that action concluding (1) it was an attempt to reopen examination of his prior state and federal habeas determinations; and, in the alternative, (2) Mr. Thompson failed to respond. *See* Aples' Ex. 3, Order, Case No. 04-1379-JTM, filed March 1, 2005. Mr. Thompson filed the instant action in December 2005.

## II. DISCUSSION

We review de novo the district court's grant of a motion to dismiss. *United States v. Colo. Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996). "[W]e must accept as true all well-pleaded facts, and construe all reasonable allegations in the light most favorable to the plaintiff." *Id.*

*A. Issue and Claim Preclusion*

The district court determined that Mr. Thompson's release date claims were barred by issue and claim preclusion. The district court found these claims were identical to claims Mr. Thompson brought in his prior federal habeas petition and in the declaratory relief action. The district court also found that the prior action was fully adjudicated on the merits, that Mr. Thompson was a party in the prior action, and that he had a full and fair opportunity to litigate the issue in the prior action.

Res judicata is an affirmative defense that "encompasses two distinct barriers to repeat litigation: claim preclusion and issue preclusion." *Park Lake Res. L.L.C. v. USDA*, 378 F.3d 1132, 1135 (10th Cir. 2004). Claim preclusion applies if three elements exist: (1) a judgment on the merits in an earlier action, (2) identity of parties in both suits, and (3) identity of the cause of action in both suits. *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). "Collateral estoppel, or, in modern usage, issue preclusion, 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Schiro v. Farley*, 510 U.S. 222, 232 (1994) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).

Before this court, Mr. Thompson vehemently disagrees with the district court's characterizations of his complaint, and accuses the district court of "tell[ing] [a] wrongful and malicious((LIE)) . . . in nearly every sentence and paragraph . . . ." Aplt's Br. part two, at 19, *see also id.* at 10, 13, 21. Despite Mr. Thompson's exhortations, our review of the record comports with the district court's scrupulous analysis: identical parties previously fully and fairly litigated legally identical issues in federal court. Mr Thompson had ample opportunity to litigate his claim; his failure to comply with procedural rules or cure procedural defects did not deprive him of this opportunity. We therefore hold that the district court properly dismissed Mr. Thompson's claims as barred by res judicata.

*B. Denial of Access to the Courts*

As to the denial of access to the courts claim, the district court considered Mr. Thompson's lengthy submissions before dismissing it. Although his argument is difficult to discern, Mr. Thompson seems to contend that he was denied access because the district court should not have found his claims estopped because he was unable to fully present them in previous proceedings. Mr. Thompson maintains that the previous dispositions should not be afforded preclusive effect because he was deprived of his prison mail, and because his appointed counsel was incompetent

The district court stated that Mr. Thompson's "claims are conclusory and omit any allegation of specific hindrance." Rec. doc. 29, at 5 (Dist. Ct. Order filed Jan. 10, 2006). Even liberally construing his pleadings, as we must, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we agree. Although this court liberally construes a pro se plaintiff's pleadings and holds them to a less stringent standard than required of those prepared by a lawyer, *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989), we will not assume the role of advocate for the pro se litigant, nor need we accept conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Because he has not alleged facts showing he was unable to pursue a specific legal claim due to lack of access to the courts or to a prison law library or legal assistance, Mr. Thompson fails to state a claim for denial of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996).

*C. Other Claims*

In addition, throughout his brief on appeal, Mr. Thompson raises a litany of undecipherable claims, including the district court's alleged partiality, its alleged malicious deprivation of access to the courts, and the continued manifest injustice Mr. Thompson has endured at the hands of the state and federal courts. Mr. Thompson's attacks on the judiciary are insufficient to state colorable claims for relief against the prison officials he has named as defendants. Although he has not sued the judges about whom he now complains, we note that adverse rulings alone are rarely sufficient to demonstrate bias, *Liteky v. United States*, 510 U.S. 540, 555 (1994), and that "immunity applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554, (1967). We also caution Mr. Thompson that his pro se status is not a bar to the imposition of sanctions. *Haworth v. Royal (In re Haworth)*, 347 F.3d 1189, 1192 (10th Cir. 2003).

## III. CONCLUSION

Accordingly, we AFFIRM the district court's grant of the defendants' motion to dismiss. All pending motions are DENIED.

Entered for the Court,


Robert H. Henry
Circuit Judge