FILED
United States Court of Appeals
Tenth Circuit

March 2, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

————————————————————

MABLE C. SEBER; MARTY J. SEBER,

    Plaintiffs - Appellants,

v.

BANK OF AMERICA, N.A., f/k/a
Countrywide Home Loans, Inc.; THE
BANK OF NEW YORK MELLON, as
successor trustee to JP Morgan Chase
Bank, as trustee for the certificate holders
of CWABS Master Trust, revolving home
equity loan asset backed notes series 2004J,
f/k/a Bank of New York; SKYLINE
HOLDINGS GROUP,

    Defendants - Appellees.

No. 17-4132
(D.C. No. 1:16-CV-00111-RJS-BCW)
(D. Utah)

————————————————————

**ORDER AND JUDGMENT**[*]
————————————————————

Before **MORITZ**, **McKAY**, and **KELLY**, Circuit Judges.
————————————————————

    Pro se plaintiffs Mable C. Seber and Marty J. Seber (Sebers), appeal from the

district court's order that dismissed their first amended complaint with prejudice on

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

res judicata grounds and denied their motion to file a second amended complaint as futile. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm for substantially the same reasons in the thorough and well-reasoned report and recommendation of the magistrate judge, which was adopted in its entirety by the district court.

The parties are familiar with the facts. Briefly, in 2004, Ms. Seber obtained a home equity line of credit (loan) from Countrywide Home Loans (Countrywide) to purchase property in Utah. She executed an agreement that evidenced the loan and a deed of trust to secure payments. In 2007, after missing several monthly payments, Ms. Seber executed a modification agreement that added unpaid interest on the original loan to the principal balance. By 2009, the loan was in default and foreclosure proceedings began under the terms of the deed of trust.

Since 2009, the Sebers have been involved in no less than seven lawsuits related to the property, including five suits they initiated. Four of the suits were filed in state court, and three (including this suit) were filed in federal court. All the suits stemmed from the loan Ms. Seber obtained from Countrywide in 2004. The details of the previous suits are outlined in the magistrate judge's report and recommendation. Of particular importance is the suit filed by the Sebers in 2009 to stop the foreclosure. In that suit, they alleged various forms of fraud and claims for quiet title, recission based on fraud, unfair debt collection practices, including a claim under the Truth In Lending Act (TILA), unfair business practices, breach of fiduciary duty, declaratory judgment, and injunctive relief. In 2010, the district court granted summary judgment for defendants and dismissed the claims with prejudice.

2

In this, their most recent suit, the Sebers alleged claims for breach of contract, violations of TILA, wrongful foreclosure, quiet title, and declaratory relief. The named defendants—all of whom have been involved at some point in time in the previous suits—moved to dismiss on res judicata grounds.[1]

"*Res judicata* doctrine encompasses two distinct barriers to repeat litigation: claim preclusion and issue preclusion." *Park Lake Res. LLC v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1135 (10th Cir. 2004). Here, the magistrate judge found the suit was barred under claim preclusion, which has three elements: "(1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Lenox MacLaren Surgical Corp., v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (brackets and internal quotation marks omitted).

After reviewing the Sebers' objections, the district court adopted the report and recommendation in its entirety. The court rejected the argument that there was not an identity of the causes of action in both suits. In particular, it agreed with the magistrate judge's legal conclusion that there was an identity of the causes of action under the transactional approach, which defines a cause of action as "includ[ing] all

---

[1] The Sebers sought permission to file a second amended complaint to add the subsequent purchasers of the property as defendants. The magistrate judge recommended that the motion be denied as futile, and the district court adopted the recommendation. The Sebers have not challenged that ruling on appeal and we do not consider it. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

claims or legal theories of recovery that arise from the same transaction, event, or occurrence." *Id*. at 1240 (internal quotation marks omitted). And it further found that the Sebers failed to explain why the alleged new facts and evidence did not arise out of the same transaction that was the subject of their previous suit.

The crux of the Sebers' argument on appeal is that this suit contains an entirely new claim—"[a]ll acts/proceedings/orders/sales/transfers are VOID as a matter of law." Aplt. Opening Br. at 3. This is the same argument that the magistrate judge and district court considered and rejected, and the Sebers have failed to identify any legal or factual error.

The judgment of the district court is affirmed.

Entered for the Court

Monroe G. McKay
Circuit Judge