**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1300
_____

JEAN COULTER,
                                        Appellant

v.

GERRI VOLCHKO PAULISICK; JOSEPH R. PAULISICK
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-00937)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 26, 2019
Before:  CHAGARES, BIBAS, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 28, 2019)
_____

OPINION[*]
_____

PER CURIAM

        Jean Coulter appeals the District Court's dismissal of her action for lack of subject

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

matter jurisdiction.  We will affirm the District Court's judgment for the following reasons.

On July 20, 2015, Coulter filed this suit against Appellees Gerri Volchko Paulisick and Joseph R. Paulisick ("the Paulisicks"), alleging that a fallen tree branch from the Paulisicks' property caused damage to Coulter's adjacent property located in Butler, Pennsylvania.  Coulter asserted that she was a New Jersey citizen and invoked jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).[1]

Seven days later, on July 27, 2015, Coulter filed a separate suit against her brother, James Coulter, in the Western District of Pennsylvania ("Coulter v. Coulter"), alleging various causes of action relating to the same piece of property in Butler, Pennsylvania. As she did in the current case, Coulter asserted diversity of citizenship as the basis for the court's jurisdiction.  District Judge Bissoon initially found Coulter to have established her domicile in Pennsylvania,[2] and issued an order to show cause, directing Coulter to demonstrate that she had actually established a new domicile in New Jersey.  After reviewing Coulter's response, Judge Bissoon ultimately concluded that Coulter had not

---

[1] In her amended complaint, Coulter identified Philadelphia, Pennsylvania, as her principal mailing address since 2011.  Am. Compl. at 1–2.  Nevertheless, Coulter maintained that she was a resident of New Jersey "since June 2014."  Am. Compl. ¶ 1.

[2] Judge Bissoon took judicial notice of Coulter's residence in Pennsylvania as noted in Coulter's prior litigation, specifically citing Coulter v. Gale, 2:12-cv-01461, wherein Coulter averred that she was a resident of Pennsylvania.  See Coulter v. Coulter, 715 F. App'x 158, 160 (3d Cir. 2017) (not precedential).

met her burden to show that she had, in fact, established a new domicile in New Jersey, and dismissed the case for lack of subject matter jurisdiction. Coulter appealed, and this Court affirmed Judge Bissoon's determination. See Coulter, 715 F. App'x at 160.

Meanwhile, in the current case, the Paulisicks eventually filed a motion to dismiss and strike this action. The District Court, in considering the Paulisicks' motion and several other motions filed by Coulter, first addressed whether it had subject matter jurisdiction to hear the case. The District Court looked to Judge Bissoon's finding that Coulter was still a citizen of Pennsylvania on July 27, 2015, and noted this Court's affirmance of that determination. The District Court then concluded that the doctrine of issue preclusion bound the court to that determination, and dismissed the case for lack of subject matter jurisdiction. Coulter filed a motion seeking reconsideration, which included several attachments that she purported proved her domicile was New Jersey. The District Court found that Coulter provided no new evidence of her citizenship and denied the motion. Coulter timely appealed.

We have appellate jurisdiction over the District Court's orders, dismissing the action and denying reconsideration, pursuant to 28 U.S.C. § 1291. A district court's determination regarding domicile for purposes of subject matter jurisdiction is a mixed question of fact and law. McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006). Accordingly, we review the court's factual determinations for clear error, and the court's application of legal principles and conclusions of law de novo. Washington v.

3

Hovensa LLC, 652 F.3d 340, 341 (3d Cir. 2011). As to the clear error standard, "our sole function is to review the record to determine whether the findings of the District Court were clearly erroneous, i.e., whether we are left with a definite and firm conviction that a mistake has been committed." McCann, 458 F.3d at 286 (internal quotation marks omitted).

At issue is whether Coulter was domiciled in New Jersey at the time she filed her action on July 20, 2015. On appeal, Coulter essentially challenges the District Court's determination on a legal basis and a factual basis. She argues that the District Court's use of the doctrine of issue preclusion[3] as a basis for concluding she was a Pennsylvania resident was legal error. She argues that the District Court's reliance on Judge Bissoon's determination in Coulter v. Coulter was improper because that case was filed *after* the instant case, and the determination of domicile for purposes of subject matter jurisdiction *must occur on the date the action was filed*. See Washington, 652 F.3d at 344 (noting that, in deciding whether diversity jurisdiction exists, a court must determine the parties' citizenship based on relevant facts at the time the complaint was filed). Thus, because

---

[3] Issue preclusion ensures that "'once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.'" Burlington N. R.R. Co. v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1231 (3d Cir. 1995) (quoting Montana v. United States, 440 U.S. 147, 153 (1979)). A court will apply issue preclusion when: "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." Id. at 1231–32 (internal quotation marks omitted).

her domicile could have conceivably changed in that time-span of a week, she maintains that the District Court committed an error of law by using the doctrine of issue preclusion. Coulter's related factual challenge essentially argues that the facts determining her domicile changed between the filing of her action against the Paulisicks on July 20, and the following week when she filed her action against her brother on July 27.

To the extent that Coulter avers that the District Court committed a legal error by using the doctrine of issue preclusion as a basis for determining subject matter jurisdiction, she is mistaken. See Park Lake Res. LLC v. U.S. Dep't of Agric., 378 F.3d 1132, 1136 (10th Cir. 2004) (noting "dismissals for lack of jurisdiction preclude relitigation of the issues determined in ruling on the jurisdiction question" (internal quotation marks omitted)). Furthermore, Coulter misunderstands the District Court's use of issue preclusion in this case. As we noted on appeal in Coulter v. Coulter, Judge Bissoon took judicial notice of Coulter's residence in Pennsylvania based on Coulter's own representations in prior litigation beginning in 2012. See Coulter, 715 F. App'x at 160. This, as we further noted, gave rise to a rebuttable presumption of Coulter's domicile as being Pennsylvania. See id.; see also McCann, 458 F.3d at 286–87 (noting "[a] domicile once acquired is presumed to continue until it is shown to have been changed" and, consequently, this principle "gives rise to a presumption favoring an established domicile over a new one" (internal quotation marks omitted)). Ultimately, we

5

agreed that Coulter failed to meet her burden in proving her domicile had changed in the intervening time period between her litigation in 2012 and the filing of her action on July 27, 2015.  See Coulter, 715 F. App'x at 160–61.

Here, the District Court reasoned that Coulter's domicile was established as Pennsylvania in 2012 and *remained* Pennsylvania through July 27, 2015—as Judge Bissoon found in Coulter v. Coulter after full litigation of the issue.  See Witkowski v. Welch, 173 F.3d 192, 198–99 (3d Cir. 1999) ("Issue preclusion forecloses relitigation in a later action [ ] of an *issue of fact or law* which was actually litigated and which was *necessary* to the original judgment." (emphasis added) (internal quotation marks omitted)).  Consequently, because Coulter's action in the current case was filed on July 20, 2015, the District Court properly recognized the preclusive effect of Judge Bissoon's findings and dismissed for lack of subject matter jurisdiction.  See Okoro v. Bohman, 164 F.3d 1059, 1063 (7th Cir. 1999) (noting "a jurisdictional dismissal precludes only the relitigation of the ground of that dismissal, and thus has collateral estoppel (issue preclusion) effect" on that ground of dismissal (internal citations omitted)).  In short, the issue of Coulter's domicile was previously litigated and found to be Pennsylvania from 2012 to July 27, 2015, and, therefore, she is now precluded from relitigating that issue in the current case.

Even if we were to set aside the doctrine of issue preclusion, we cannot say that the District Court's factual determinations were clearly erroneous.  In Coulter's motion

6

for reconsideration, she did not produce evidence sufficient to meet her burden of proof and overcome the presumption of her Pennsylvania domicile. See McCann, 458 F.3d at 286 (listing factors relevant to determining domicile and noting the party asserting diversity jurisdiction bears the burden of proof and can meet this burden by proving diversity of citizenship by a preponderance of the evidence). Rather, she leveled accusations of judicial misconduct, suggested that a different case in which she was previously involved should be used for purposes of establishing domicile, and failed to even provide an address for her alleged New Jersey domicile. The District Court considered all of this and was unpersuaded.

After review of the record, we cannot say that we are left with a definite and firm conviction that a mistake has been committed by the District Court. See id. Accordingly, for the foregoing reasons, we will affirm the District Court's judgment. We also grant the Paulisicks' pending motion to supplement the appendix, and deny Coulter's pending motion to strike the Paulisicks' brief and appendix.

7