# United States Court of Appeals
## For the First Circuit

---

No. 01-9006

IN RE: V&M MANAGEMENT, INC.,

Debtor,

---

ALPHONSE MOURAD,

Appellant,

v.

DONALD F. FARRELL, ET AL.,

Appellees.

---

APPEAL FROM THE BANKRUPTCY APPELLATE PANEL

OF THE FIRST CIRCUIT

---

Before

Boudin, <u>Chief Judge</u>,
Torruella, <u>Circuit Judge</u>,
and Stahl, <u>Senior Circuit Judge</u>.

---

<u>Alphonse Mourad</u> on brief pro se.
<u>Harold B. Murphy</u>, <u>Andrew G. Lizotte</u> and <u>Hanify & King, P.C.</u> on brief for appellees Donald F. Farrell, Harold B. Murphy, and Hanify & King, P.C.
<u>Paul D. Moore</u>, <u>Anthony J. Fitzpatrick</u>, <u>Mobina F. Mohsin</u> and <u>Duane Morris LLP</u> on brief for appellee Stephen S. Gray.

---

February 24, 2003

---

**Per Curiam**.  Alphonse Mourad appeals from the bankruptcy court's dismissal of his claims, which were removed from state court pursuant to 28 U.S.C. 1452(a), and its denial of his motion to remand.[1]  The Bankruptcy Appellate Panel for the First Circuit affirmed the bankruptcy court judgment and adopted its findings of fact and conclusions of law.  On appeal, we review the bankruptcy court's findings of fact for clear error, and afford de novo review to its conclusions of law.  In re Healthco Int'l, Inc., 132 F.3d 104, 107 (1st Cir. 1997).

Appellees--Trustee Stephen Gray and the Hanify & King firm ("H&K") and the latter's attorneys--argue that this court lacks jurisdiction to review the bankruptcy court's decision denying Mourad's motion to remand this case to state court.  See 28 U.S.C. § 1452(b) (2000).  However, Mourad argues that "the U.S. Bankruptcy Court has no or questionable jurisdiction to rule upon any matters regarding the State Court malpractice suit filed in the Suffolk Superior Court."  Because this argument attacks the lower court's subject matter jurisdiction, we not only have jurisdiction to review but are obligated to do so.  See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 131 n.1 (1995) (Ginsburg, J., concurring)(citing Mansfield, C. & L. M. R. Co. v. Swan, 111 U.S. 379, 382 (1884)); In re Celotex Corp., 124 F.3d 619, 625 (4th Cir.

_____

[1] The bankruptcy court granted the motion to remand one of Mourad's claims but dismissed the remaining claims on non-jurisdictional grounds.

-2-

1997).

Mourad's state law claims consist of various allegations of fraud, professional malpractice, and breach of fiduciary duty on the part of Gray, H&K and its attorneys who served as legal counsel to the debtor corporation ("the Debtor" or "V&M"). The claims retained by the bankruptcy court wholly arise out of the trustee and counsel's performance of their duties with respect to the Debtor after the petition for bankruptcy was filed, and we have little difficulty in finding that these state law claims are civil proceedings "arising under title 11, or arising in or related to [a case] under title 11." 28 U.S.C. § 1334(b) (2000). See, e.g., In re Southmark Corp., 163 F.3d 925, 931 (5th Cir. 1999) (finding jurisdiction over accountant malpractice claims), cert. denied, 527 U.S. 1004 (1999).

Whether these state law claims are core or non-core is largely immaterial--Mourad never challenged the district court's reference of these claims to the bankruptcy court, see 28 U.S.C. § 157 (2000)--except to the extent that this distinction might shed light on how to classify Mourad's claims under the jurisdictional headings of section 1334(b). But this further question (whether his claims qualify for the "arise under" or "arise in" heading rather than the "relate to" heading) is not presented to us, for Mourad has not moved for mandatory abstention pursuant to section 1334(c)(2), see also Fed. R. Bankr. P. 5011, and the abstention provision, which is waivable by the parties, does not detract from

the district court's subject matter jurisdiction.  See Celotex, 124 F.3d at 627 n.4.  Mourad's jurisdictional attack having failed, there is no other ground upon which a review of the bankruptcy court's remand decision can be had.  28 U.S.C. § 1452(b).

This brings us to the issue of Mourad's standing to bring these claims as former president, sole director and sole shareholder of V&M.  In dismissing Mourad's non-remanded claims for lack of standing, the bankruptcy court found that Mourad was precluded from re-litigating the issue of his standing.  The court relied upon its prior ruling, as part of the confirmation of the reorganization plan, that Mourad's equity interest in the Debtor had no value.  The court also relied upon the preclusion effect of its prior determinations, in at least three proceedings in the V&M bankruptcy case, that Mourad lacked standing.

Applying the doctrine of collateral estoppel, the bankruptcy court concluded that its prior ruling on the value of Mourad's equity interest precluded him from contending that his equity interest "had (or could have) such value as would give him standing in the present matter."  Because the only harm to himself which Mourad's non-remanded claims alleged was in his capacity as an equity security holder in the Debtor, the court reasoned, he was precluded from arguing that he had standing to pursue the present claims.

In support of his standing, Mourad now disputes the bankruptcy court's finding that his equity interest in the Debtor

-4-

had no value. We agree with the bankruptcy court that Mourad is precluded from re-litigating the issue of the value of his equity interest. As the bankruptcy court stated, "[b]y the 1997 order confirming the Joint Plan of Reorganization, the [bankruptcy court] has already adjudicated that Mr. Mourad's equity interest in the Debtor is of no value." The requirements of issue preclusion are satisfied. See Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30 (1st Cir. 1994).[2]

Mourad attempts on appeal, as he did in his opposition to defendants' motion to dismiss, to base his standing on his 1) personal liability (as sole shareholder of a subchapter S corporation) for certain debts owed by the Debtor, and 2) stake in the opportunity to recover the value of his equity. We need not decide whether standing can be supported on these grounds, because these allegations could have been raised in the prior bankruptcy proceedings where Mourad's standing was adjudicated. To the extent that Mourad now seeks to add these new (but previously available) factual allegations to establish his standing to bring the present claims, such assertions do not defeat the bar of issue preclusion. See Perry v. Sheahan, 222 F.3d 309, 318 (7th Cir. 2000).

In his brief on appeal, Mourad does not dispute (and

---

[2] Specifically, the bankruptcy court found that "Mr. Mourad was a party to and active participant in the Plan confirmation process; this matter was actually litigated; the quantification of Mr. Mourad's interest was necessary for confirmation of the plan; and the confirmation order is a valid final judgment." Mourad has not disputed any of those findings, nor does there appear to be any valid basis for doing so.

appears to concede) that the issue of standing has been previously adjudicated. His only challenge to the court's dismissal of his claims on preclusion grounds is that "the [bankruptcy court] has been and continues to be biased towards Mourad." This contention, which is based on judicial rulings against him, is groundless. See Liteky v. United States, 510 U.S. 540, 554 (1994). Moreover, Mourad's brief contains no developed argument challenging the bankruptcy court's determination of no bias (made in connection with denial of the motion for recusal in this case). "Our general rule with regard to such poorly developed arguments is to treat them as forfeited." Donahue v. City of Boston, 304 F.3d 110, 122 (1st Cir. 2002).

The bankruptcy appellate panel's decision dated February 26, 2001, is affirmed.