

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-17-2006

# Stoe v. Flaherty

Precedential or Non-Precedential: Precedential

Docket No. 04-3947

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Stoe v. Flaherty" (2006). *2006 Decisions.* Paper 1344.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1344

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 04-3947

———————

GEORGE P. STOE,
Appellant

v.

WILLIAM E. FLAHERTY; DAVID CARPENTER;
JAMES CARPENTER; WILLIAM SMELAS;
ROBERT SUNDERMAN; RONALD STATILE

———————

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civil Action No. 04-cv-00489)
District Judge:  Hon. Donetta W. Ambrose

———————

Argued October 18, 2005
BEFORE:  SMITH, STAPLETON and NYGAARD,
Circuit Judges

ORDER

IT IS ORDERED that the opinion of the Court entered
January 23, 2006, is hereby amended by deleting the last

sentence of Section III-C and substituting in lieu thereof a new paragraph to read as follows:

> This argument has been waived.[1] But even were we to consider it, our conclusion would be the same. We do not read section 959(a) as creating federal jurisdiction that would exist independent of 28 U.S.C. § 1334. Accordingly, section 959(a) does not suggest that this state law action is anything other than "an action that could not have been commenced in a court of the United States absent jurisdiction under" 28 U.S.C. § 1334. 28 U.S.C. § 1334(c)(2).

By the Court

  /s/   Walter K. Stapleton
United States Circuit Judge

DATED: March 17, 2006

---

[1]Mandatory abstention applies only "[u]pon timely motion of a party" and does not implicate the Court's subject matter jurisdiction. 28 U.S.C. § 1334(c)(2); *In re V&M Mgmt., Inc.*, 321 F.3d 6, 8 (1st Cir. 2003) ("[T]he abstention provision, which is waiveable by the parties, does not detract from the district court's subject matter jurisdiction.").

2