This Opinion is a
Precedent of the TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451
General Contact Number: 571-272-8500

CME

Mailed: August 29, 2016

Cancellation No. 92062824

*NH Beach Pizza LLC*

*v.*

*Cristy's Pizza Inc.*

Before Shaw, Adlin and Heasley,
   Administrative Trademark Judges.

By the Board:

This case now comes up on Respondent's motion, filed January 25, 2016, for summary judgment on the ground that Petitioner's claims are barred by issue preclusion, traditionally called collateral estoppel.[1] The motion is fully briefed.

*Background*

### 1. Current Action

Petitioner seeks cancellation of Registration No. 4503226 for the mark BEACH PIZZA, in standard character form, for "pizza."[2] In its petition, Petitioner alleges that it "will be damaged should it be prevented from using the generic term 'beach pizza'

---

[1] Respondent's motion, which it filed in lieu of an answer, is captioned as a motion to dismiss and refers to Fed. R. Civ. P. 12(b)(6). The Board issued an order on February 4, 2016 (the "Prior Order") explaining that the motion does not challenge the sufficiency of Petitioner's pleading, but rather seeks dismissal of the proceeding based on issue preclusion. 5 TTABVUE 1. Accordingly, as was explained in the Prior Order, the motion is treated as a motion for summary judgment on issue preclusion. *Id.*

[2] Registered March 25, 2014 based on an application filed on May 3, 2013.

in the advertising and sale of its goods, and [it] has received consumer claims of likelihood of confusion with the mark by [Respondent]." 1 TTABVUE 4. As grounds for cancellation, Petitioner alleges genericness, descriptiveness, geographic descriptiveness, fraud, and abandonment.

## 2. Prior Action

On April 2, 2014, Petitioner filed Cancellation No. 92058955 against the same registration involved here (the "Prior Action"). In the Prior Action, Petitioner alleged that it would be "damaged should it be prevented from using the generic term 'beach pizza' in the advertising of its goods, and [it] has received claims of likelihood of confusion with the mark by [Respondent]." 4 TTABVUE 17. Petitioner pleaded the same grounds for cancellation that it pleads in this proceeding. *Id.* at 15-19.

On November 20, 2015, following trial and briefing, the Board dismissed the Prior Action for lack of standing, finding that Petitioner "failed to establish a 'real interest' and 'reasonable belief in damage.'"[3] *Id.* at 32. Specifically, the Board found that the record was "utterly devoid of any evidence concerning the nature of Petitioner's commercial activities and its interest in Respondent's registered BEACH PIZZA mark." *Id.*

## The Parties' Arguments

Respondent argues that "Petitioner is barred by collateral estoppel from instituting this cancellation proceeding" because "the Board's decision in the [Prior

---

[3] The Board also deemed Petitioner's claims of geographic descriptiveness and abandonment waived because Petitioner did not assert these claims at trial. 4 TTABVUE 22 n.2.

Action] is conclusive as to Petitioner's lack of standing to challenge the BEACH PIZZA trademark registration." 4 TTABVUE 2-3. In support of its position, Respondent argues that "courts have … held that a party adjudged to lack standing to bring a claim is barred by collateral estoppel from bringing the same claim in the second action," *id.* at 5-6; that the petition for cancellation here is "factually identical" to the petition for cancellation filed in the Prior Action, and "Petitioner alleges no intervening change in the facts or legal principals [sic] animating its claims," *id.* at 7; that Petitioner "was given a full and fair opportunity to litigate its claims," *id.* at 7-8; and that standing was "actually litigated" in the Prior Action as "[t]he Board set forth an in-depth analysis of Petitioner's standing," finding "that while the Petitioner could have submitted testimony or competent documentary evidence as to its asserted need to use the term BEACH PIZZA and the nature of its business activities to establish its standing, it did not do so." *Id.* at 7.

In opposition to the motion, Petitioner argues that the "Federal Circuit has found that dismissals for lack of standing should be without prejudice," 6 TTABVUE 8; that the Board's dismissal of the Prior Action "was made without prejudice" and "[a] collateral estoppel claim would seek to undo this holding by functionally transforming [sic] into a dismissal with prejudice," *id.*; that "the issue of standing was not argued or otherwise litigated by the parties," and the claims, "while argued by the parties, were not decided by the Board," *id.* at 5; that "there exist numerous genuine issues of fact pertaining to the issue of Petitioner's current standing to bring this proceeding" as Petitioner has attached to its response brief its "official Certificate of Organization

for Massachusetts clearly show[ing] that Petitioner is in the business of selling pizza to the public and uses the generic term 'beach pizza' in doing so" and cease and desist letters that Respondent sent to Petitioner demonstrating that Respondent "views Petitioner as a competitor and threat to its business...[,]" *id.* at 6; that based on such evidence "Petitioner has clearly demonstrated the ability to cure any standing problems…," *id.* at 8; and that "[t]he previous proceeding also established that [Respondent] could produce no evidence as to its first use in commerce, and the prosecution history [of the involved registration] inferred fraud in obtainment of the mark…." *Id.* at 3.

### *Respondent is Entitled to Judgment*

Whether issue preclusion applies to bar an action is a question of law. *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.,* 719 F.3d 1367, 107 USPQ2d 1167, 1171 (Fed. Cir. 2013). Accordingly, when the facts material to issue preclusion are not in dispute, summary judgment is appropriate. Fed. R. Civ. P. 56(a).

Here, Petitioner has not identified any genuine disputes of fact that are material to the preclusion question presented. Instead, Petitioner asserts legal arguments regarding why issue preclusion should not bar this proceeding. For the reasons discussed below, we find Petitioner's legal arguments unpersuasive, and therefore, Respondent is entitled to summary judgment as a matter of law.

### 1. *Issue Preclusion Applies to Board Determinations of Standing*

Issue preclusion bars the re-litigation of the same issue in a second action. *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 113 USPQ2d 2045, 2051 (2015).

Several federal courts of appeal, including our primary reviewing court, the Federal Circuit, have applied issue preclusion to bar the re-litigation of standing. *See, e.g., Ammex, Inc. v. United States*, 384 F.3d 1368 (Fed. Cir. 2004) (finding under Federal Circuit law that issue preclusion barred the plaintiff's claims because the same issues, including whether plaintiff had standing to bring a claim pursuant to the Export Clause of the Constitution, were decided by the Sixth Circuit); *V&M Mgmt., Inc. v. Farrell*, 321 F.3d 6, 9 (1st Cir. 2003) (explaining that issue preclusion barred plaintiff from re-litigating its standing).

Moreover, unlike in a federal court – where a plaintiff must demonstrate a "case or controversy" between itself and the defendant to have standing and for the court to have jurisdiction, and thus, is an issue usually addressed in pretrial motions – in a Board proceeding, standing is often not addressed until the trial stage. *Compare Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) *and Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994) *with Ritchie v. Simpson*, 170 F.3d 1092, 1098, 50 USPQ2d 1023, 1025 (Fed. Cir. 1999) *and Lipton Indus., Inc. v. Ralston Purina Co.,* 670 F.2d 1024, 213 USPQ 185, 189 (CCPA 1982). Accordingly, it is particularly apt that issue preclusion may bar a plaintiff from re-litigating a standing determination made in a prior Board proceeding.

### 2. *The Elements of Issue Preclusion Are Satisfied*

Now that we have determined that issue preclusion may bar the re-litigation of standing, we consider whether the elements of issue preclusion have been satisfied here. The application of issue preclusion requires: (1) identity of an issue in the

current and a prior proceeding; (2) actual litigation of that issue in the prior proceeding; (3) that determination of the issue was necessary in entering judgment in the prior proceeding; and (4) that the party with the burden of proof on that issue in the second proceeding had a full and fair opportunity to litigate the issue in the prior proceeding. *See Montana v. United States*, 440 U.S. 147, 153-54 (1979). There are no genuine disputes of material fact that each of the elements of issue preclusion has been met here.

With respect to the first element, Petitioner pleads the same basis for standing here that it pleaded in the Prior Action, namely, that it uses "the generic term 'beach pizza'" to promote its goods and that Respondent has asserted that such use has caused actual consumer confusion. 1 TTABVUE 3-4 and 4 TTABVUE 17. Accordingly, the issue of standing in this proceeding is identical to the issue of standing in the Prior Action.

Turning to the second factor, standing is a threshold issue that must be proven in every *inter partes* proceeding, and the Board decided the issue of standing in the Prior Action after a full trial. 4 TTABVUE 32. Accordingly, standing was actually litigated in the Prior Action. *See James Talcot, Inc. v. Allahabad Bank Ltd.,* 444 F.2d. 451, 459-60 (5th Cir. 1971) ("[W]here a question of fact is put in issue by the pleadings, and is submitted to the jury or other trier of facts for its determination, and is determined, that question of fact has been 'actually litigated'" for purposes of issue preclusion). The fact that the decision in the Prior Action was based on Petitioner's failure to introduce any evidence regarding its alleged standing does not change that

the issue of standing was "actually litigated." *See Nichols & Co. v. United States,* 586 F.2d 826, 829 (C.C.P.A. 1978) ("[A]n issue is actually litigated for purposes of collateral estoppel even though the determination is based on a failure of proof."); *see also Peck v. Comm'r,* 904 F.2d 525, 530 (9th Cir. 1990) ("If [the litigants'] case was not effectively presented at the first trial it was their fault; affording them a second opportunity in which to litigate the matter, with the benefit of hindsight, would contravene the very principles upon which collateral estoppel is based and should not be allowed.") (quoting *Jones v. United States,* 466 F.2d 131, 136 (10th Cir 1972)).

Petitioner argues that the Prior Action was "dismissed without prejudice." This is incorrect. The Prior Action was simply "dismissed." 4 TTABVUE 32. In any event, under principles of issue preclusion, even a case dismissed without prejudice has preclusive effect on the issues actually litigated. *See Perry v. Sheahan*, 222 F.3d 309, 318 (7th Cir. 2000) (claim preclusion may not apply to determinations of standing, but issue preclusion will bar the re-litigation of the same standing argument in a second proceeding); *Cutler v. Hayes*, 818 F.2d 879, 888-99 (D.C. Cir. 1987) (recognizing that claim preclusion may not attach where a prior case was determined on the issue of standing, but finding that "[p]rinciples of collateral estoppel [also known as issue preclusion] clearly apply to standing determinations"); *Shaw v. Merritt-Chapman & Scott Corp.,* 554 F.2d 786, 789 (6th Cir. 1977) ("[W]hile a dismissal for lack of jurisdiction does not constitute an adjudication upon the merits, it does constitute a binding determination on the jurisdictional question, which is not subject to collateral attack.").

Petitioner further argues that it should be allowed "to cure the standing problem," and in support thereof cites two cases in which the Federal Circuit vacated a district court's dismissal of a patent infringement action "with prejudice" for lack of standing. *Univ. of Pitt. v. Varian Med. Sys., Inc.,* 569 F.3d 1328, 91 USPQ2d 1251, 1256 (Fed. Cir. 2009); *Fieldturf, Inc. v. Sw. Recreational Indus., Inc.,* 357 F.3d 1266, 69 USPQ2d 1795 (Fed. Cir. 2004). In the cited cases, either the wrong party filed the action or a potentially necessary party was not joined as a plaintiff to the proceeding, and dismissal of the action "with prejudice" would have deprived the proper plaintiff(s) of an opportunity to pursue relief. This proceeding is not procedurally analogous to the cited cases. In both this proceeding and the Prior Action, the same, sole, correct party (*i.e.* Petitioner) pleaded a sufficient basis for standing. Petitioner simply failed to carry the burden of proving its standing in the Prior Action.

Petitioner could have rectified its evidentiary deficiencies by pursuing an appeal of the Board's decision pursuant to Section 21(b) of the Trademark Act, 15 U.S.C. § 1071(b), which would have allowed Petitioner an opportunity to submit new evidence regarding its standing. *Swatch AG v. Beehive Wholesale, LLC,* 739 F.3d 150, 109 USPQ2d 1291, 1295 (4th Cir. 2014) (where an appeal of a TTAB decision is made pursuant to Section 1071(b) of the Trademark Act "the parties have an unrestricted right to submit further evidence as long as it is admissible under the Federal Rules of Evidence and Civil Procedure"); *see also Kappos v. Hyatt,* 132 S. Ct. 1690, 102 USPQ2d 1337, 1339-40 (2012) (interpreting Section 1071(b)'s patent parallel, 35 U.S.C. § 145). Petitioner, however, took no such action. *Shaw,* 554 F.2d at 789-90

(plaintiffs who failed to file an appeal were bound by the prior decision and "precluded from bringing a subsequent suit, asserting essentially the same claims, citing the same jurisdictional basis").

Moreover, this is not a case where there has been a change of circumstances with respect to standing. Instead, the evidence that Petitioner asserts would prove its standing – *e.g.* Petitioner's certificate of organization and cease and desist letters that Respondent sent Petitioner – existed at the time Petitioner filed the Prior Action. Accordingly, this evidence does not defeat the application of issue preclusion. *Cf. V&M Mgmt.,* 321 F.3d at 9 ("To the extent [the plaintiff] now seeks to add … new (but previously available) factual allegations to establish his standing to bring the present claims, such assertions do not defeat the bar of issue preclusion"); *Perry,* 222 F.3d at 318 ("[W]here a prior suit is dismissed for lack of jurisdiction, the inclusion of additional factual allegations on the jurisdictional issue will not avoid issue preclusion when those facts were available at the time the original complaint was filed. Only facts arising after the complaint was dismissed – or at least after the final opportunity to present the facts to the court – can operate to defeat the bar of issue preclusion.").

The third factor of issue preclusion also has been met, as the Board's determination that Petitioner failed to prove its standing was necessary to the Board's decision in the Prior Action. Indeed, it was the reason that the Board dismissed the Prior Action.

Last, the fourth factor of issue preclusion has been satisfied as Petitioner was fully represented in the Prior Action and had a full and fair opportunity to introduce testimony or other evidence on the issue of its standing. It simply failed to do so.

### *Conclusion*

In view of the foregoing, Respondent's motion for summary judgment is GRANTED. Because issue preclusion bars Petitioner from re-litigating the issue of standing decided in the Prior Action, Petitioner cannot prove the threshold requirement of standing in this proceeding. Accordingly, the petition for cancellation is DISMISSED WITH PREJUDICE.

***