**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 24, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

THE NEW MEXICO OFF-HIGHWAY
VEHICLE ALLIANCE,

      Petitioner - Appellant,

v.

UNITED STATES FOREST SERVICE,
an agency of the United States Department
of Agriculture; THOMAS TIDWELL, in
his official capacity as Chief of the United
States Forest Service; JAMES MELONAS,
in his official capacity as Santa Fe National
Forest Supervisor; CAL JOYNER, in his
official capacity as Regional Forester,
Southwestern Region, United States
Department of Agriculture; SONNY
PERDUE, in his official capacity as
Secretary of the United States Department
of Agriculture,

      Respondents - Appellees.[*]

No. 17-2004
(D.C. No. 1:16-CV-01073-JAP-KBM)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[**]
_____

[*] In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, James Melonas is substituted for Maria T. Garcia and Sonny Perdue is
substituted for Tom Vilsack as respondents in this action.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Before **MATHESON**, **McKAY**, and **MORITZ**, Circuit Judges.

_____

This appeal concerns a second action brought by Petitioner-Appellant New Mexico Off-Highway Alliance ("Alliance") against the United States Forest Service and others regarding the Forest Service's Record of Decision for Travel Management on the Santa Fe National Forest ("ROD") and related Final Environmental Impact Statement ("FEIS"). In 2016 we resolved the Alliance's first petition seeking to challenge these Forest Service actions by finding that the organization had failed to establish Article III standing to challenge them and that we and the district court therefore lacked subject matter jurisdiction over the suit. In this second action, the Alliance again seeks to challenge the ROD and FEIS, but has now presented additional facts, which were available to it in its first action, that it contends remedy the standing deficiencies we previously found. The district court dismissed this action for lack of subject matter jurisdiction, finding that issue preclusion prevented the Alliance from relitigating the previously decided standing issue. The Alliance appeals, arguing that issue preclusion only bars relitigation of jurisdictional issues if the previously adjudicated jurisdictional defect has not or cannot be cured. The district court properly found that this is not the law in this circuit. We exercise appellate jurisdiction under 28 U.S.C. § 1291 and affirm.

## BACKGROUND

The Alliance filed its first petition challenging the ROD and FEIS in December 2012 [hereinafter "2012 action"]. Aplt. App. at 130; *see N.M. Off-Highway Vehicle All. v. U.S. Forest Serv.*, No. 1:12-cv-1272 WJ-GBW,

2014 WL 6663755 (D.N.M. July 25, 2014) ("*NMOHVA I*"), *vacated*, 645 F. App'x 795 (10th Cir. 2016). To establish Article III standing before the district court in the 2012 action, the Alliance submitted a sworn declaration by Mark R. Werkmeister, one of its board members, in which he asserted the ROD and FEIS adversely affected him and other Alliance members by constraining their present and future use of the Santa Fe National Forest. Aplt. App. at 6-8; *see N.M. Off-Highway Vehicle All. v. U.S. Forest Serv.*, 645 F. App'x 795, 801 (10th Cir. 2016) ("*NMOHVA II*"). The district court found this declaration was too vague to establish a concrete and particularized injury that was actual or imminent as required, but nonetheless found the Alliance had demonstrated standing "by the slimmest of margins" based on the administrative record and representations made at a hearing. *NMOHVA I*, 2014 WL 6663755, at *3-4. The district court then proceeded to consider the Alliance's claims, and denied them on the merits. *Id.* at *14.

The Alliance appealed the district court's decision. After a thorough examination of the record, we determined that we and the district court lacked jurisdiction to decide the merits of the case because the Alliance had not, in fact, carried its burden to establish Article III standing. *NMOHVA II*, 645 F. App'x at 800, 806. We therefore remanded the case to the district court with instructions to vacate its judgment and dismiss the 2012 action without prejudice for lack of subject matter jurisdiction. *Id.* at 807.

After the district court complied with our direction, the Alliance filed this second action seeking to challenge the ROD and FEIS, this time providing an

3

expanded standing declaration by Mr. Werkmeister and a new standing declaration by another Alliance member. Aplt. App. at 31-47. The Alliance argued to the district court that these declarations remedied the standing deficiencies identified in *NMOHVA II* and thus demonstrated its standing and the court's subject matter jurisdiction over the suit. The district court dismissed the Alliance's second petition upon finding that the additional information provided in the declarations had been available to the Alliance in its previous action, and that the doctrine of issue preclusion prevented the organization from relitigating the standing issue based on previously available facts. Aplt. App. at 129-34. This appeal followed.

## DISCUSSION

Where there are no disputed facts, as is the case here, the preclusive effect of a prior judgment or determination is a pure question of law we review *de novo*. *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1230 (10th Cir. 2017); *Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1100 (10th Cir. 2007).

The law relevant to the issues on appeal is well settled in this and other courts. Under Article III of the Constitution, standing is a prerequisite to federal court jurisdiction to hear and decide a case. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 892 (10th Cir. 2011). Standing and other such threshold jurisdictional issues are subject to the doctrine of issue preclusion. *Park Lake Res. Ltd. Liab. Co. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004); *Nat'l Ass'n of Home Builders v. EPA*, 786 F.3d 34, 41

4

(D.C. Cir. 2015) ("*Home Builders II*"). "[I]ssue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Park Lake*, 378 F.3d at 1136; *see Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). This bar is part of the *res judicata* doctrine and as such "protects against 'the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Park Lake*, 378 F.3d at 1135 (quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979)).

> Issue preclusion ordinarily applies when:
>
> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Id.* at 1136 (quoting *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000)). The second element, final adjudication on the merits, is not a prerequisite to preclusion of issues determined in ruling on a jurisdictional question, however. *Id.*

The Alliance does not dispute that it had a full and fair opportunity to litigate Article III standing in the 2012 action and that it was a party to that action. It asserts that issue preclusion nonetheless does not apply here because the standing issue decided in the 2012 action is not identical to the issue as presented in this action. Specifically, the Alliance contends that the additional information it provided in its new and expanded standing declarations has "cured" the standing deficiencies

5

identified in the 2012 action and that this distinguishes the standing issue presented here from that decided in its 2012 action.

This argument is grounded in the "curable-defect exception" to jurisdictional issue preclusion, in which we and other courts have recognized that in some circumstances "'suit may be brought again where a jurisdictional defect has been cured or loses its controlling force.'" *Park Lake*, 378 F.3d at 1137 (quoting *Eaton v. Weaver Mfg. Co.*, 582 F.2d 1250, 1256 (10th Cir. 1978)). As we stated in our decision in *Park Lake*, however, "the change in circumstances that cures the jurisdictional defect must occur *subsequent to the prior litigation*." *Id.* (emphasis added); *see Home Builders II*, 786 F.3d at 41 (curable-defect exception is "sharply limited" because it applies "only if a material change following dismissal cured the original jurisdictional deficiency"). This limit on the curable-defect exception follows from the rule that issue preclusion "generally is appropriate if both the first and second action involve application of the same principles of law to a historic fact setting that was complete by the time of the first adjudication." 18 Charles Alan Wright et al., Federal Practice and Procedure § 4425 at 696 (3d ed. 2016) (statement quoted with approval in *Jarvis v. Nobel/Sysco Food Servs. Co.*, 985 F.2d 1419, 1425 (10th Cir. 1993)).

The district court found, and the Alliance does not dispute, that all of the additional facts included in its new and expanded standing declarations were available to the Alliance prior to dismissal of the 2012 action. Aplt. App. at 133-34. Presenting these previously available facts in new sworn declarations does not

6

constitute a "change in circumstances" that will avoid the preclusive effect of a jurisdictional determination in an earlier action. *Perry v. Sheahan*, 222 F.3d 309, 318 (7th Cir. 2000); *see Home Builders II*, 786 F.3d at 43. As a result, the standing issue before us is substantively the same as that raised and decided in the 2012 action and cannot be relitigated. *See Park Lake*, 378 F.3d at 1137-38; *Perry*, 222 F.3d at 318.

We are not persuaded by the Alliance's argument that the limit *Park Lake* placed on the right to cure a jurisdictional defect applies only when the previous action was dismissed for lack of ripeness. While it is true that ripeness was the jurisdictional defect at issue in *Park Lake*, our discussion of the curable-defect exception in *Park Lake* speaks to jurisdictional defects generally and is supported by citations to authority that applied the limited exception to prior jurisdictional determinations that did not involve ripeness. *See Park Lake*, 378 F.3d at 1137-38 (citing with approval *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1192 & n.4 (D.C. Cir. 1983) (Scalia, J.) (curable-defect exception does not allow reliance on preexisting facts to avoid preclusive effect of determination that diversity jurisdiction was lacking) and *Magnus Elecs., Inc. v. La Republica Argentina*, 830 F.2d 1396, 1401 (7th Cir. 1987) (same with respect to prior determination that subject matter jurisdiction was lacking under the Foreign Sovereign Immunities Act)). Contrary to the Alliance's assertion, this limited reading of the curable-defect exception was material to our holding in *Park Lake*. *See, e.g., id.* at 1137 (rejecting new ripeness theory because it was "not based on any facts postdating the prior litigation"). Other authorities have also affirmed the preclusive effect of prior lack-of-standing

7

determinations when the plaintiff only offers facts that were available before dismissal of the first action. *See, e.g., Home Builders II*, 786 F.3d at 41-43; *Perry*, 222 F.3d at 318; *In re V&M Mgmt., Inc.*, 321 F.3d 6, 9 (1st Cir. 2003). Finally, we note that this rule, that prior standing and other jurisdictional determinations cannot be overcome absent presentation of material post-litigation facts, is consistent with the principles underlying issue preclusion, because it avoids the expense, vexation and inefficiency of "'allow[ing] a plaintiff to begin the same suit over and over again in the same court, each time alleging additional facts that the plaintiff was aware of from the beginning of the suit, until it finally satisfies the jurisdictional requirements.'" *Park Lake*, 378 F.3d at 1138 (quoting *Magnus Elecs.*, 830 F.2d at 1401).

The Alliance also argues the district court erred in finding that our standing determination in *NMOHVA II* barred it from demonstrating standing in the present action because we directed there that dismissal of the 2012 action be "without prejudice." 645 F. App'x at 807. This direction, however, refers to the plaintiff's ability to assert its substantive causes of action in a court of competent jurisdiction and does not limit the preclusive effect of prior jurisdictional determinations. *See Dozier*, 702 F.2d at 1194 (usual meaning of "without prejudice" is without prejudice as to the substantive cause of action but with prejudice on issues litigated in prior action) (quoting *In re Kauffman Mut. Fund Actions*, 479 F.2d 257, 267 (1st Cir. 1973)). Dismissals for lack of jurisdiction "should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of

8

reaching a disposition on the merits of the underlying claims." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (emphasis in original). Dismissal on standing or other jurisdictional grounds, even though without prejudice as to the merits of the plaintiff's claims, will have a preclusive effect on these same jurisdictional issues if they arise in a future action. *Id.* at 1218-19. There is no inconsistency, therefore, in our direction in *NMOHVA II* that the Alliance's 2012 action be dismissed without prejudice and the district court's and our determination here that this prior dismissal for lack of standing precludes the Alliance from relitigating standing in the present action.

We have considered the Alliance's other arguments challenging dismissal of this action and find them to be meritless. Most of the case law cited in support of these arguments pre-dates our refinement of the curable-defect exception in *Park Lake* or is distinguishable because it concerns claim preclusion rather than issue preclusion. *See Park Lake*, 378 F.3d at 1135-36 (distinguishing between claim and issue preclusion).

## CONCLUSION

For the reasons stated above, the district court's dismissal of this action is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge

9