FILED
United States Court of Appeals
Tenth Circuit

**September 18, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

DENNIS SLADEK,

    Plaintiff - Appellant,

v.

BANK OF AMERICA, NA, a North
Carolina corporation; U.S. BANK, a
Minnesota corporation; SELECT
PORTFOLIO SERVICING, a Utah
corporation; BARRETT FRAPPIER
WEISSERMAN; ARONOWITZ &
MECKLENBURG, LLP; RANDALL
CHIN; SAFEGUARD PROPERTIES, an
Ohio corporation; SOUTHCENTRAL
FORECLOSURE CLEANOUT, a Kansas
corporation; KATHRYN LOUISE-
MCCULLOUGH; EL PASO COUNTY,
COLORADO DISTRICT COURT,

    Defendants - Appellees.

No. 24-1181
(D.C. No. 1:23-CV-02121-LTB-SBP)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.

_____

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Federal
Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Pro se Plaintiff Dennis Sladek appeals from the dismissal of his civil action filed in the United States District Court for the District of Colorado. For the reasons explained below, we affirm the district court's order dismissing Mr. Sladek's Amended Complaint and the action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8.

## I.    BACKGROUND

Mr. Sladek filed his Complaint in September 2023.[1] In it, Mr. Sladek brought fifteen claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the United States Constitution, and various Colorado statutes against Defendants Bank of America, NA; U.S. Bank; Select Portfolio Servicing; Barrett Frappier Weisserman; Aronowitz & Mecklenburg; Randall Chin; Safeguard Properties; Southcentral Foreclosure Cleanout; Kathryn Louise-McCullough; Kyle Landon Murphy; and the El Paso County, Colorado District Court ("Defendants"). Mr. Sladek generally alleged that all Defendants effectuated the 2011 foreclosure of his and his wife's property in El Paso County, Colorado, and caused it to be sold to

---

[1] Mr. Sladek technically filed his first Complaint in August 2023, followed a few weeks later by an Amended Complaint after the district court ordered him to file his Complaint using the proper form. Following the magistrate judge's screening of this Amended Complaint, Mr. Sladek filed a Second and Third Amended Complaint, the latter of which the magistrate judge recommended be dismissed with prejudice and is the subject of the instant appeal. For simplicity, we refer to the Amended Complaint as the "Complaint," and the Third Amended Complaint as the "Amended Complaint."

Defendants McCullough and Murphy, despite Mr. Sladek's many unsuccessful attempts to contest the foreclosure through the courts.[2]

After Mr. Sladek filed the Complaint, he moved for and was granted permission to proceed in forma pauperis ("IFP"). The magistrate judge then screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[3] The magistrate judge subsequently issued a Report and Recommendation (the "First Report") recommending that Mr. Sladek's Complaint be dismissed for failure to comply with Rule 8 because "[e]ven construing the [] Complaint liberally, Mr. Sladek fails to provide a clear and concise statement of the specific claims he is asserting, the specific factual allegations that support each claim, and what each Defendant did or failed to do that allegedly violated his rights." ROA at 86.

Mr. Sladek objected to the Report, and in the alternative moved for permission to refile his Complaint to respond to the magistrate judge's concerns. The district court granted Mr. Sladek's Motion to Amend and denied the First Report as moot.

---

[2] The district court adopted the magistrate judge's Report and Recommendation which took judicial notice of two previous federal actions brought by Mr. Sladek alleging similar claims as this one: *Sladek v. Bank of America, N.A.*, No. 13-cv-03094-PAB-MEH (D. Colo. Aug. 27, 2015); and *Sladek v. El Paso Cnty. Dist. Ct.*, No. 19-cv-02507-LTB-GPG (D. Colo. Dec. 4, 2019). The Report and Recommendation noted the claims in both actions were dismissed as barred by the statute of limitations, failing to state a claim, or lacking subject matter jurisdiction.

[3] Under this provision, the court "shall dismiss" a case brought by a litigant proceeding IFP if the court determines that the action is frivolous, malicious, or fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B).

Mr. Sladek subsequently filed an Amended Complaint, bringing the same fifteen claims against the same set of Defendants. He later admitted the Amended Complaint was all but "identical" to the Complaint the magistrate judge had recommended be dismissed. ROA at 156. Because the near-identical Amended Complaint did not address the magistrate judge's concerns outlined in the First Report concerning Rule 8, the magistrate judge issued a second Report and Recommendation (the "Second Report") again recommending the Amended Complaint and the action be dismissed under Rule 41(b) for failure to comply with Rule 8. Over Mr. Sladek's objection, the district court adopted the Second Report, dismissed the Amended Complaint, and issued a judgment in favor of Defendants. In its order dismissing the Amended Complaint, the district court certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from the dismissal would not be taken in good faith. Mr. Sladek timely appealed.[4]

## II.    DISCUSSION

### A.    *Jurisdiction and Standard of Review*

We have jurisdiction under 28 U.S.C. § 1291 over this appeal from the dismissal of Mr. Sladek's Amended Complaint.

"We review dismissals under Rule 41(b) for abuse of discretion." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). We likewise review dismissals for failure to comply with Rule 8(a) for an abuse of discretion. *See*

---

[4] None of the Defendants were served prior to the dismissal of the action, and therefore none have entered an appearance in this appeal.

4

*United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1167 (10th Cir. 2010).

Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To comply with Rule 8, a complaint needs more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must also go beyond "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.*

Mr. Sladek proceeds pro se. We construe a pro se litigant's pleadings liberally, holding them to a "less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). At the same time, "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks omitted). As such, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Kincaid v. Unified Sch. Dist. No. 500*, 94 F.4th 936, 947 (10th Cir. 2024) (quotation marks omitted).

### B.    Analysis

On appeal, Mr. Sladek argues the district court erred in dismissing his Amended Complaint because first, he complied with Rule 8, and second, the court

5

did not have authority to dismiss the action under Rule 41(b). For the reasons explained below, we hold Mr. Sladek's arguments lack merit.

**1.      Rule 8**

Mr. Sladek argues his Amended Complaint should not have been dismissed for failing to comply with Rule 8 for three reasons: (1) this finding was "barred by the doctrine of res judicata" because the district court "denied" the magistrate judge's First Report, (2) claims under RICO are evaluated under a "liberal" standard, and (3) his Amended Complaint complies with Rule 8. Appellant's Br. at 11. We address each argument in turn.

First, Mr. Sladek argues his Amended Complaint cannot be dismissed under Rule 8 because "[t]he Court's initial ruling on the [] Complaint is res judicata and cannot be raised again as here." Appellant's Br. at 13. Res judicata encompasses two separate barriers to litigation: claim preclusion and issue preclusion. *Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1135–36 (10th Cir. 2004). "Claim preclusion bars a party from relitigating a claim or cause of action on which final judgment has been rendered." *Id.* at 1136. In turn, "issue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Id.* Under these parallel doctrines of res judicata, "once an issue has been resolved in a judicial proceeding, it ordinarily should not be reexamined by the court." *Harris v. City Cycle Sales, Inc.*, -- F.4th --, No. 23-3116, 2024 WL 3869516, at *4 (10th Cir. Aug. 20, 2024). However, neither branch of the doctrine comes into

6

play unless an issue or claim has been finally resolved by the court on the merits. *See Johnson v. Spencer*, 950 F.3d 680, 693 (10th Cir. 2020) ("For claim preclusion to apply, three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." (alteration in original) (internal quotation marks omitted)); *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) ("The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." (quotation marks omitted)).

Here, the district court denied as moot the magistrate judge's First Report because it granted Mr. Sladek's request to amend the Complaint to respond to the magistrate judge's concerns. It did not consider the merits of the First Report nor Mr. Sladek's objection to it. Therefore, none of the issues in the First Report—including compliance of the Complaint with Rule 8—were resolved on the merits, and res judicata does not apply.

Second, Mr. Sladek argues his Amended Complaint complies with Rule 8 because "Section 904(a) of [RICO] expressly provide[s] that 'the provisions of this title . . . shall be liberally construed to effectuate its remedial purposes.'" Appellant's Br. at 14–15 (citation omitted). But this provision does not provide that RICO claims are subject to a more liberal *pleading* standard. Instead, it (and the cases Mr. Sladek identifies citing this provision) provides that the terms of the RICO statute itself "are to be 'liberally construed to effectuate its remedial purposes.'" *Boyle v. United*

7

*States*, 556 U.S. 938, 944 (2009) (citations omitted). This analysis comes into play only when there is a question as to the application of the RICO statute to a specific context that has been adequately pleaded in the complaint. *See, e.g.*, *id.* at 940–41 (applying RICO to "association-in-fact" enterprises with "structure"); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 491–93 (1985) (holding predicate acts forming the basis of RICO claims under § 1964(c) do not have to arise from criminal convictions); *Tafflin v. Levitt*, 493 U.S. 455, 467 (1990) (holding state courts have concurrent jurisdiction over RICO claims). None of these cases support the proposition—as Mr. Sladek argues—that RICO claims themselves are subject to a more liberal pleading standard.[5]

---

[5] To be sure, adequately pleading a RICO claim can be challenging. "To plead a valid RICO claim, a plaintiff must plausibly allege that a defendant (1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Johnson v. Heath*, 56 F.4th 851, 858 (10th Cir. 2022) (internal quotation marks omitted). "'Racketeering activity' consists of the criminal offenses listed in 18 U.S.C. § 1961(1), and a 'pattern' requires at least two racketeering acts committed within ten years of each other." *Id.* Because of the pattern requirement, RICO claims can be difficult to plead. *See id.* at 859–60 (discussing difficulty of pleading a "pattern" of racketeering activity for purposes of RICO). Moreover, RICO claims based on predicate acts of mail and wire fraud must not only meet the basic pleading requirements of Rule 8, they must also meet the particularity requirement of Rule 9(b). *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006); *see also* ROA at 127 (alleging, in the Amended Complaint, that Defendants "utilized the mails and the wires to conduct its criminal and fraudulent activities"). Although it appears Mr. Sladek is attempting to plead RICO claims based on predicate acts of mail and wire fraud, which would require meeting the more exacting pleading requirements of Rule 9(b), we need not reach that issue because Mr. Sladek's Amended Complaint fails to meet the less stringent requirements of Rule 8.

8

Third and finally, Mr. Sladek argues "[i]t is clear" that "all of the requirements of [Rule] 8 have been satisfied" by his Amended Complaint. Appellant's Br. at 16. But instead of explaining how his claims meet the Rule 8 standard as to each Defendant, he picks one example—his claims against Defendant El Paso County District Court[6]—and asserts it proves his Amended Complaint is sufficient. *Id.* Mr. Sladek summarizes the factual allegations concerning the El Paso County District Court's alleged refusal to hold a hearing to calculate the difference in what he and his wife paid on an adjustable rate mortgage versus what they would have paid with a fixed rate mortgage, asserts damages from the difference "have reached almost $6,400,000.00," and based on this, asserts he "has easily satisfied the pleading requirements." *Id.* But what is missing from even this lone example as to one Defendant is any explanation of how the conduct pleaded and harm asserted connect to any of the *fifteen* claims for relief pleaded in the Amended Complaint. Mr. Sladek likewise fails to explain how any named Defendant other than the El Paso County

---

[6] Mr. Sladek's action suffers from an additional deficiency: it seeks damages from Defendant El Paso County District Court. But the El Paso County District Court—as an entity of the State of Colorado—is immune from liability under the Eleventh Amendment. *See, e.g.*, *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) ("Eleventh Amendment immunity extends to states and state entities . . . ."); *see also Dorn v. Carpenter*, No. 21-1298, 2022 WL 175900, at *1 (10th Cir. Jan. 20, 2022) (unpublished) (holding claims for damages against Colorado County District Courts are barred by Eleventh Amendment immunity). Section 1915(e) separately directs courts to dismiss a case brought IFP if the action "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). Accordingly, dismissal of Mr. Sladek's Amended Complaint was also required because he seeks damages against a state entity.

9

District Court played a role in the court's alleged failure to calculate the difference in money owed, and how this alleged failure warrants relief under any of the statutes or laws that form the basis of the Amended Complaint. Moreover, Mr. Sladek does not discuss any of the remaining factual allegations in the Amended Complaint nor how they support the claims for relief against the Defendants.

The magistrate judge identified this precise problem in each Report and Recommendation—explaining that Mr. Sladek's pleadings failed to "provide a clear and concise statement of the specific claims he is asserting, the specific factual allegations that support each claim, and what each Defendant did or failed to do that allegedly violated his rights." ROA at 151–52. The Amended Complaint uses "an impermissible shotgun approach to pleading that combines vague and conclusory factual allegations with disparate legal theories, resulting in a pleading that is incomprehensible." *Id.* at 152. This "shotgun approach" fails to comply with Rule 8, and accordingly, the district court did not abuse its discretion in concluding the Amended Complaint falls short of the Rule 8 standard.

**2.    Rule 41(b)**

Finally, Mr. Sladek argues the district court did not have authority to dismiss his Amended Complaint under Rule 41(b) because "[t]here is no argument that Appellant has failed to prosecute the case," and because no Defendant moved for dismissal. Appellant's Br. at 18–19. Rule 41(b) provides in pertinent part: "If the plaintiff fails to prosecute *or to comply with these rules* or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b)

10

(emphasis added). Despite the rule's language permitting the defendant to file a motion to dismiss, it is well established that courts have the authority to dismiss actions sua sponte under Rule 41(b) for failure to comply with the federal rules. *See, e.g.*, *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Here, the district court adopted the magistrate judge's recommendation that the action be dismissed based on Mr. Sladek's repeated failure to comply with Rule 8. In doing so, the court acted within its authority to dismiss the action sua sponte under Rule 41(b). Accordingly, the district court did not abuse its discretion in dismissing Mr. Sladek's Amended Complaint under Rule 41(b).

## III.    CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.[7]

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[7] Mr. Sladek's motion to proceed in forma pauperis on appeal is DENIED. To proceed IFP, Mr. Sladek must present "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Mr. Sladek has not shown the existence of a nonfrivolous argument in support of the issues raised on appeal. Mr. Sladek is accordingly required to pay the filing fee.